350

MARY HEIDI SEVERS, by Geri S. Severs, her Mother and Next Friend, *et al.*, Plaintiffs-Appellants, *v.* COUNTRY MUTUAL INSURANCE COMPANY *et al.*, Defendants-Appellees.

Fifth District    No. 80-114

Opinion filed November 26, 1980.

JONES, P. J., dissenting.

Robert D. Francis, of Dunham, Boman & Leskera, of East St. Louis, and Clinton J. Thurston, of Cairo, for appellants.

Wagner, Bertrand, Bauman & Schmieder, of Belleville (Bernard H. Bertrand, of counsel), for appellee Country Mutual Insurance Company.

Mme JUSTICE SPOMER delivered the opinion of the court:

This declaratory judgment action was brought to construe an automobile insurance policy issued to plaintiff Perry A. Severs, Jr., by defendant Country Mutual Insurance .Company. Severs' one-year-old daughter, Mary Heidi Severs, was injured on August 1, 1974, in a one-vehicle accident while the insured automobile was being operated by defendant Dixie L. Rodgers.

The company denied liability coverage on the basis of a policy provision excluding coverage as to bodily injury sustained by the insured or his relatives. The company further denied coverage under the uninsured motorist portion of the policy on the basis that the plaintiffs' action, filed December 4, 1978, was not timely commenced. The trial court ultimately agreed with the insurer· and dismissed the complaint with prejudice. This appeal followed.

We see no point in discussing the family-member exclusion to the liability coverage, which was unambiguous and clearly applicable. Because it was applicable, the uninsured motorist provisions of the policy then came into play. That portion of the policy obligated the company to pay "all sums which the insured or his legal representatives shall be

legally entitled to recover as damages from the owner or operator of an uninsured vehicle because of bodily injury * * * caused by accident and arising out of the ownership, maintenance or use of such uninsured vehicle * * *." It is undisputed that Mary Heidi Severs is an insured under the policy. However, the company relies on the following provision contained in the uninsured motorist section of the policy:

> "No suit, action or arbitration proceedings for the recovery of any claim under this section shall be sustainable in any court of law or equity * * * unless commenced within two (2) years after occurrence of the loss."

Although the precise issue presented for our determination—whether a minor insured may be deprived of uninsured motorist protection for personal injuries by a policy provision requiring her representative to file suit within two years of the accident—appears to be one of first impression, we think that it is easily answered in the negative, in light of analogous decisions of our courts.

In *Burgo v. Illinois Farmers Insurance Co.* (1972), 8 Ill. App. 3d 259, 290 N.E.2d 371, the court invalidated a policy provision requiring the insured to demand arbitration or file suit against the uninsured motorist within one year, declaring that a contractual limitation may not place an insured in a substantially different position than he would have been in had the tortfeasor carried the insurance coverage required by statute. (See also *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 269 N.E.2d 295.) The court in *Burgo* stated:

> " The one-year limitation in the policy is a dilution or diminution of the uninsured motorist statute and is an attempt to defeat the intent and the purpose of the statute; therefore it is against public policy and the statute must prevail. The statute requiring the policy to have an uninsured motorist clause does not mention a time limit in which the insured may exercise his rights * * *.
>
> We hold that the contract provision limiting the arbitration demand to one year after the accident violates the statute of limitations to bring the injury suit and violates the statute on uninsured motorists and is arbitrary, unreasonable and capricious and against the public policy of this state, and is therefore void." 8 Ill. App. 3d 259, 264, 290 N.E.2d 371, 374.

In a later case, *Coyne v. Country Mutual Insurance Co.* (1976), 39 Ill. App. 3d 279, 349 N.E.2d 485, the court upheld a two-year policy limitation which placed the insured in the same position he would have been in had the offending motorist been insured. The instant case, however, unlike *Coyne*, involves a minor plaintiff. A minor has by statute two years after attaining age 18 in which to file suit. (Ill. Rev. Stat. 1973, ch. 83, par. 22.) We think it clear that the contractual provision under

examination here, by placing the minor plaintiff in a substantially different position than she would have been in had the tortfeasor carried the required insurance coverage, would violate both the statute of limitations and the uninsured motorist statute; it is therefore against public policy and void.

The insurer's argument based on contract principles is unpersuasive in light of the special consideration traditionally given to the claims of minors by the courts. To paraphrase the supreme court in *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784, logic, justice, and precedent all require that a child with a meritorious cause of action but incapable of initiating any proceeding for its enforcement not be left to the whim or mercy of her next friend, nor be precluded from enforcing her rights unless clearly barred from doing so by some statute or constitutional provision. No such bar exists here.

For the foregoing reasons, we reverse the judgment of the Circuit Court of St. Clair County and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

KARNS, J., concurs.

Mr. PRESIDING JUSTICE JONES, dissenting:
I respectfully dissent.

The insurance company has not inflicted any injury upon plaintiff and it is not guilty of any tort. Plaintiff's action is grounded strictly in contract. That contract, the insurance policy, is in all respects in compliance with the provisions of the Illinois Insurance Code. Now, in a case of first impression in Illinois, the majority has held that a statutory exception to the time limitation for bringing an action in tort, which favors minors, incompetents and those imprisoned for crime, applies as well to the law of contracts. If the only consequence of the result reached by the majority was that the plaintiff may recover in this case, then the result would be more fetching. As it is, however, the consequences stemming from the majority opinion and the precedent it establishes will have an impact that will reach well beyond a simple recovery in this isolated case.

The right of the plaintiff to recover is based upon contract, not tort, and the terms of the contract should be honored. The minor plaintiff was not a party to that contract and furnished no part of the consideration for its execution. There is no suggestion of any conduct by defendant or its agents that would amount to a waiver or estoppel.

The general rule is that a minor cannot enter into a binding contract. Avoidance is available to him when he attains his majority and for a reasonable time thereafter. But where competent parties enter into a contract that beneficially affects a minor, the minor is bound by the terms of the contract and cannot, simply by reason of his minority, alter the contract terms, either before or after attaining his majority.

This is what happened in this case. The minor has been permitted, simply because of his minority, to change the terms of a contract which was entered into by other persons. Although the minor was a potential beneficiary of the contract, he was not a party to it. If he would take the benefit from the contract, he must comply with its terms. There is no principle of contract law that will permit a minor to make a change in the terms of a contract to which he is not a party.

The majority seems to find a parallel between this suit upon a contract and a suit by a minor in a tort action. Much could be said of such reasoning, but it should be sufficient to point out that the time limitation and the extension thereof for minors applicable to actions in tort are founded upon a statute, whereas the time limitation for bringing an action upon a contract is founded upon an agreement between the parties to that contract.

If a minor may avoid the effect of the two-year time limitation in the instant policy, he can, with the precedent of the majority opinion, avoid any other provision of the policy which places some obligation upon him as he seeks to recover under the policy. For instance, a minor could be excused from reporting an accident to an insurance company, though required to do so by a policy provision. Years later, upon attaining majority, a claim could be made under the policy for an injury received at the then remote time. It would be impossible for the insurance company to make any kind of meaningful investigation of the accident, find witnesses, get medical information or histories or discover any physical facts. It goes without saying that any witness discovered would be devoid of any reliable recollection of events. Under these circumstances the opportunities for fraud would be abundant. Furthermore, what happens to subrogation rights? Obviously, they will be lost, both practically and legally.

Another consequence which stems from the majority opinion is that its precedent rationally and legally will extend to contracts other than automobile insurance policies. To say the least, it will add another dimension to the law of contracts.

The case of *Burgo v. Illinois Farmers Insurance Co.* is not supportive of the majority position. Its holding was that an insurance company cannot require a policy holder to bargain away rights conferred by

statute. It says nothing that would justify the application of a statutory exception to the statute of limitations for a tort action to the law of contracts.

Although there are no Illinois cases which have considered the issue in this case, precedent is found in other jurisdictions, and it indicates an erroneous conclusion by the majority. In *Mead v. Phoenix Ins. Co.* (1904), 68 Kan. 432, 75 P. 475, a house owned by a 12-year-old minor was insured in his name. The policy terms provided that suit for recovery under the policy must be commenced within 12 months after a fire. Eight years after the house was destroyed by fire the minor reached majority and brought suit to recover for the fire loss. It was held that the contract limitation contained in the policy controlled the general statute of limitation and the action was accordingly barred.

In *Gill v. Manhattan Life Ins. Co.* (1908), 11 Ariz. 232, 95 P. 89, the plaintiff brought suit on a life insurance policy issued to her deceased husband. The policy provided that no suit could be brought to recover upon the policy after the expiration of 2 years from the time the cause of action accrued. The action was brought more than 2 years after the death of plaintiff's husband. Plaintiff sought to excuse the delay by alleging that at the time of the husband's death she was a minor and had brought the action within 2 years after attaining her majority. The Supreme Court of Arizona sustained the dismissal of the complaint as insufficient in law, stating: "The limitation upon this action being a matter of contract, and not a matter of statute, it applies to an infant as effectually as to one who has attained his majority." The court relied upon *Mead v. Phoenix Ins. Co.*

In *Heilig v. Aetna Life Ins. Co.* (1910), 152 N.C. 358, 67 S.E. 927, it was held that under an accident policy stipulating that an action must be brought within a year after the right of action accrued, infancy does not stop limitations since, by suing on the contract, the infant affirms it and is therefore bound by its terms. The court cited *Mead v. Phoenix Ins. Co.* and *Suggs v. Travelers' Insurance Co.* (1888), 71 Tex. 579, 9 S.W. 676.

In *Reiter v. Aetna Life Ins. Co.* (D.N.J. 1940), 33 F. Supp. 159, it was held that infancy of the beneficiary of a life policy at the time of the insured's death did not excuse the infant's failure to sue within, nor did it toll, the contract limitation period within which action on the policy must be brought. "We are not dealing here with a problem arising under a statute of limitations but with the terms and conditions of a contract." (33 F. Supp. 159, 160.) The court cited, *inter alia, Suggs v. Insurance Co., Mead v. Phoenix Co.*, and *Heiling v. Aetna Life Ins. Co.*

There is a principle which runs through Illinois law which, although not on point, nevertheless bears some similarity and merits mention. It is expressed in *Schiller v. Kucaba* (1964), 55 Ill. App. 2d 9, 19, 203 N.E.2d 710:

"Once the period of limitations begins to run on a legal claim, it continues to run without interruption, notwithstanding the fact that a subsequent disability befalls the party entitled to enforce the claim. See Calumet Street Ry. Co. v. Mabie, 66 Ill. App. 235. Further, the period will continue to run against the heirs of the legal owner of property after his death, notwithstanding the fact that they may be under a disability at the time that the right to bring an action accrues to them, Crowell v. Druley, 19 Ill. App. 509."

This case was cited and followed by the Seventh Circuit in *Berman v. Palatine Insurance Co.* (7th Cir. 1967), 379 F.2d 371.

For the foregoing reasons I would affirm the judgment of the trial court.