DALE KEROUAC, a Minor, by Vernon Kerouac, his Father and Next Friend, *et al.*, Plaintiffs-Appellants, *v.* THOMAS VERNON KEROUAC *et al.*, Defendants-Appellees.—(COUNTRY MUTUAL INSURANCE COMPANY, Counterplaintiff-Appellee, *v.* DALE KEROUAC *et al.*, Counterdefendants-Appellants.)

Third District No. 81-50

Opinion filed August 21, 1981.

John Bernard Cashion and Paul F. Davidson, both of Chicago, for appellants.

Ralph C. Murphy, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Plaintiffs, Dale Kerouac, a minor, by his father Vernon Kerouac, and Vernon Kerouac, individually, appeal from the judgment of the circuit court in their declaratory action against Country Mutual Insurance Company. The plaintiffs Kerouac had sought a declaratory judgment that a policy of insurance, issued by Country Mutual to Vernon Kerouac, afforded uninsured motorist coverage to plaintiffs with respect to an April 1969 auto accident in which they were involved. They also sought a judicial declaration that Country Mutual was estopped from denying the negligence of the allegedly uninsured driver, Thomas Kerouac, by virtue of the doctrine of collateral estoppel. The relief requested was that the court ordered Country Mutual to proceed to arbitration on the plaintiffs' uninsured motorist claim. The circuit court entered judgment for Country Mutual on its counterclaim, holding that the policy did not provide coverage to the plaintiffs under its uninsured motorist provisions.

The plaintiffs Kerouac appeal and argue: (1) that the policy provided uninsured motorist coverage with respect to the defendant Thomas Kerouac; (2) that their claims are not time-barred; and (3) that collateral estoppel operates to prevent Country Mutual from denying the negligence of Thomas Kerouac. They seek a remandment with directions that Country Mutual proceed to arbitration on the claim.

The facts are not in dispute. On April 18, 1969, Dale Kerouac, a minor, and his father, Vernon Kerouac, were riding in an automobile driven by Thomas Kerouac, son of Vernon and brother of Dale. The auto being driven was owned by Vernon Kerouac, the father, and it was covered by a Country Mutual family auto liability insurance policy. The Kerouac vehicle collided at an uncontrolled intersection with another auto, that being driven by Cortland Powell. As a result of the accident all three of the Kerouacs brought suit against Powell, alleging his negligence in the accident. In that 1970 suit, which is not before us on this appeal, the jury verdict was in favor of the defendant Powell as against all three plaintiffs. There was a trial court ruling, during the course of the trial, that Dale Kerouac, the minor, was not guilty of contributory negligence in the accident.

Subsequent to the unsuccessful 1970 suit against Powell, another suit was brought by the Kerouacs arising from the 1969 accident. In that second suit, filed in 1974, Dale Kerouac, the minor, and his father, Vernon Kerouac, brought a negligence action against Thomas Kerouac, the driver-brother, and they also appended a declaratory judgment action against Country Mutual, insurer of the Kerouac auto under a family auto policy issued to Vernon Kerouac. Under the express, exclusionary provisions of that policy, liability coverage was not provided for bodily injuries sustained by the insured or by his relatives. Such exclusion from coverage under the basic liability provisions was alleged by the plaintiffs and admitted by Country Mutual. The two plaintiffs Kerouac, however, also alleged that Country Mutual was liable under the uninsured motorist coverage that was also provided in the policy. Their argument, in essence, is that since they could not recover for their injuries as against Thomas Kerouac, by virtue of the exclusion as to family members under the policy terms, therefore he was an uninsured motorist, as to them, and the uninsured motorist provisions of the Country Mutual policy applied.

Country Mutual answered, alleging two affirmative defenses. The first was that the Kerouacs' suit was time-barred, given the two-year limitation period for suits or claims that was set forth in the insurance contract. The second defense was that the vehicle was not an "uninsured vehicle" under the uninsured motorist provisions of the policy, which provisions stated:

" 'Uninsured Vehicle' means:

(1) a vehicle with respect to ownership, maintenance or use of which there is no bodily injury liability bond or bodily injury liability insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, * * *."

Another defense asserted by Country Mutual in the trial court was that

section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1979, ch. 73, par. 755a) violated the Illinois constitutional ban against special legislation (Ill. Const. 1970, art. IV, §13) and the constitutional guarantee of equal protection (Ill. Const. 1970, art. I, §2). Section 143a requires that all auto liability insurance policies renewed, delivered or issued in Illinois contain provisions for uninsured motorist liability coverage with specified limits. Country Mutual's counterclaim in the suit requested a declaratory judgment on the affirmative defenses raised.

In 1977, the trial court issued a memorandum order concluding that the two-year limitations period specified in the policy was void as against public policy, insofar as it applied to suit by the minor plaintiff, Dale Kerouac. Then, in 1981, the court entered its order in the declaratory judgment action, finding that neither the liability provisions nor the uninsured motorist provisions of the Country Mutual policy applied to or protected Dale Kerouac, with respect to the injuries arising out of the 1969 auto accident. The court concluded that Country Mutual was not required to arbitrate the claim or pay any claim arising out of the accident. Also entered the day of the final judgment, was an order of voluntary dismissal in the action brought by Dale and Vernon against Thomas. Dale Kerouac, by his father, appeals from the court's declaratory judgment against Dale and in favor of Country Mutual.

The first issue raised is whether coverage was provided to plaintiff Dale Kerouac under the uninsured motorist provisions of the Country Mutual policy issued to Vernon Kerouac. The uninsured motorist provisions of the policy provided that the company would pay all sums which the insured would be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance, or use of such uninsured automobile. An "uninsured automobile" was defined in the policy as an automobile in which there is "no bodily injury bond or bodily injury liability insurance policy applicable * * * for the use of such vehicle." An express provision in the policy prescribed that the term "uninsured vehicle" shall not include a "vehicle owned by the named insured or by any resident of his household."

■■ The plaintiffs argue that since the basic liability provisions excluded their recovery for injuries as against Thomas Kerouac, by reason of his relation to the policy owner, therefore, Thomas Kerouac was an uninsured motorist, *as to them*, and thereby the uninsured motorist provisions of the Country Mutual policy issued to Vernon Kerouac were brought into effect. They argue that the policy's express exclusion of the insured automobile from coverage under the uninsured motorist provisions is too restrictive and violates the public policy of the State of Illinois as

expressed in the Insurance Code. The controlling precedent on these issues is found in the supreme court decision in *Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377.

In the *Barnes v. Powell* case, plaintiff Agatha Barnes was a co-owner of the automobile in which she was riding. The auto was being driven by another with her permission, when the accident occurred. Under the exclusionary provisions of the policy, plaintiff Barnes was not entitled to recover under the liability portion of the policy. So, Barnes sued the driver of her auto, alleging insurance coverage under the uninsured motorist provisions of her insurance contract. Her insurer filed an intervening complaint for declaratory judgment, to have it declared that her policy did not cover the accident, arguing that the alleged tortfeasor-driver was not an "uninsured motorist" with the uninsured motorist provisions of her insurance policy. The policy was basically similar to the policy before us, in its pertinent parts. It too specifically excluded from uninsured motorist coverage the owner's insured automobile. In reaching its decision that coverage was provided, the Illinois Supreme Court examined the applicable legislation requiring insurers to include uninsured motorist coverage in auto liability policies in Illinois (Ill. Rev. Stat. 1969, ch. 73, par. 755a), and it stated:

> "In *Ullman v. Wolverine Insurance Co.*, 48 Ill. 2d 1, this court stated: 'It would appear that the purpose of the provision in our Insurance Code requiring that every automobile liability policy shall contain uninsured motorist vehicle coverage in an amount not less than the limits described in the Financial Responsibility Law (Ill. Rev. Stat. 1969, ch. 95½, par. 7A—101 *et seq.*) was intended to place the policyholder in substantially the same position he would occupy, so far as his being injured or killed is concerned, if the wrongful driver had had the minimum liability insurance required by the Financial Responsibility Act. * * *' (48 Ill. 2d at 4.) And in *Putnam v. New Amsterdam Casualty Co.*, 48 Ill. 2d 71, this court commented: '* * * we believe the reasonable purpose of the statutory uninsured motorist provisions is to assure that compensation will be available to policyholders, in the event of injury by an uninsured motorist, to at least the same extent compensation is available for injury by a motorist who is insured in compliance with the Financial Responsibility Law.' 48 Ill. 2d at 89.

It is clear that there is an inconsistency between the liability coverage provision and the uninsured motorist provision of plaintiff's policy. On the one hand plaintiff is excluded from the liability coverage for the driver, and on the other, the driver does not qualify as an uninsured motorist even though there is no insurance available. So LaSalle would have us designate the automobile as

insured, even though in fact as to the plaintiff it is uninsured. As stated by the court in *Smiley v. Estate of Toney*, 44 Ill. 2d 127, at 130-131: 'We are not persuaded that the policy definition of an "uninsured vehicle," if it is unambiguous, must always control the application of the statute. The statutory coverage is mandatory, and it may not be whittled away by an unduly restrictive definition. Indeed, the defendant concedes as much, pointing out that "research of the case law" indicates that before the uninsured motorist provisions of a policy come into operation it is necessary "that the tortfeasor does in fact constitute an uninsured motorist, either being insured for less than the Financial Responsibility Law of the state in which the accident occurred, or by his insurance company denying coverage due to a variety of reasons." And indeed, it is generally recognized, for example, that despite a contrary policy definition, the purpose of an uninsured vehicle statute requires that a motorist be considered uninsured if he carries liability insurance in an amount below the minimum required by the financial responsibility law. * * *'

LaSalle argues that a vehicle which otherwise meets the definition of 'insured automobile' according to the terms of the policy, does not become an 'uninsured' automobile merely because the driver in fact has no insurance. We find that the intent of the legislature was that the uninsured motorist coverage would protect an insured generally against injuries caused by motorists who are uninsured, and by hit-and-run motorists, and that this would complement the liability coverage. The distinction that the uninsured motorist was the driver of the automobile in which plaintiff was a passenger, rather than the driver of another automobile, is not decisive. As to this particular plaintiff, because she was excluded from the liability coverage of the policy, the automobile was not an insured automobile and the driver was not an insured motorist, notwithstanding that as to all others the automobile and the driver may have been insured. Because no liability insurance was applicable to the plaintiff at the time of the accident, her uninsured motorist coverage necessarily became effective in light of the legislative mandate. Our conclusion is in accord with *Bowsher v. State Farm Fire and Cas. Co.*, 244 Ore. 549, 419 P.2d 606, and with the practice of construing limitations on coverage liberally in favor of the policyholder." (49 Ill. 2d 449, 452-54.)

The decision and reasoning in *Barnes* controls the instant case. As to this particular plaintiff, the minor Dale Kerouac, because of the exclusion with respect to liability for injury to family members, the automobile in which he was riding was not an insured automobile and the driver was not an

insured motorist. This is so notwithstanding the fact that as to all others the automobile and the driver may have been insured. Thus, since as a matter of fact no liability insurance was available to the plaintiff in his claim against Thomas Kerouac, the alleged tortfeasor, therefore under the *Barnes* case the uninsured motorist provisions of Vernon Kerouac's insurance policy became effective and provided coverage. Policy language to the contrary is too restrictive, and void as against public policy.

Country Mutual attempts to distinguish the *Barnes* case, arguing that it does not apply since it involved a one-car accident while the instant case involves a two-car accident. It is a distinction without a difference. The fact that this case involves a two-car accident, and that the driver of the other car was a prior defendant who had insurance, does not change the result required by *Barnes*. In this suit, the alleged tortfeasor is Thomas Kerouac, and the policy and its coverage is to be examined within the factual context of Thomas Kerouac as alleged tortfeasor. And as to this defendant, this plaintiff has no potential liability recovery, except under the insured motorist provisions of the owner's policy. As to this plaintiff, the driver and the auto were uninsured, as a factual matter. It makes no difference whatsoever in this suit that there was a prior, alleged tortfeasor in another suit. And, as a matter of fact, by virtue of the jury verdict in that suit, that third party is not a tortfeasor. That he may have had insurance, and was thereby insured, does not speak to the question of whether, as to this plaintiff, the Kerouac auto and its driver were insured. As stated, they were not. Therefore, the uninsured motorist coverage was applicable.

■■ As an alternative argument for affirmance, Country Mutual asserts that the aforementioned legislation, which mandated insurers to provide uninsured motorist coverage in Illinois policies, is unconstitutional, based upon the decision in *Grace v. Howlett* (1972), 51 Ill. 2d 478, 283 N.E.2d 474. The *Grace v. Howlett* case held that the legislature's attempt to impose a variant of no-fault insurance violated the constitutional prohibition against special legislation where a general law can be made applicable, as well as the guarantee of equal protection. The infirmity with the legislation in that case was that the damage limitations in the legislation were focused upon "private passenger autos" and specifically excluded a variety of other motor vehicles from its coverage. The court concluded that there was no valid purpose in distinguishing between private passenger autos and other autos not covered by the Act. (51 Ill. 2d 478, 487-88.) Country Mutual, in this case, merely notes the *Grace* opinion and then asserts that it requires a finding that the instant statutory provisions are similarly unconstitutional. We do not agree.

The insurer argues that a violation occurs because while purchasers of auto liability policies must purchase uninsured motorist coverage, no

such requirement is imposed upon vehicle operators who do not purchase liability policies. The focus of the argument is misplaced. The uninsured-motor-vehicle act prevents *insurers* from renewing, issuing or delivering auto liability policies in Illinois unless those policies contain the specified coverages for uninsured motor vehicles. The focus of the legislative requirement is the insurers, not the policyholders. The purpose was to protect policyholders. As to the insurers, the class Country Mutual belongs in, they are all treated equally under the legislation. They are all required to provide the uninsured motorist provisions in the auto liability policies in Illinois. There is no unequal treatment as to them. Nor is the coverage specially limited to certain motor vehicles, but it covers motor vehicles in general. Given the legislation and its obvious coverage and breadth, *Grace v. Howlett* is not controlling.

Furthermore, there is considerable question as to Country Mutual's standing to argue the unconstitutionality of the legislation, based upon an alleged discrimination as against purchasers of policies. Country Mutual seeks to assert the unconstitutionality of the statutory scheme based upon discrimination against a class of persons which does not include itself or other insurers.

Even as to purchasers, however, we perceive no constitutional infirmity, for the legislation is designed to protect purchasers of policies in the event they are involved in an accident wherein liability lies with an uninsured motorist. The legislature could rationally have concluded that the best way to provide such protection to persons was to require insurers to include it in their policies. Those persons who foolishly operate motor vehicles without liability insurance are rationally in a different category, since they have not provided against their own liability. So even as between the two groups suggested, there is no constitutional violation. Logically, the legislature could have approached the problem by requiring all owners and operators of motor vehicles to obtain liability insurance to specified limits, but it did not choose to do so. The legislature is permitted to address problems in a variety of ways, and the courts will not overturn their decisions merely because it could be done another way. We discern no constitutional violation in the act's provisions.

■■ Country Mutual next argues that plaintiff Dale Kerouac's suit is time-barred by reason of the two-year limitation period specified for bringing suit in the policy itself. The trial court ruled that the limitation was not applicable by reason of Dale Kerouac's minority at the time of the accident. He was 8 years old at the time of the accident. Country Mutual argues that the two-year limitation for suits is valid and enforceable against Dale Kerouac, despite his minority. The plaintiff argues that the limitation, as applied to the minor, is invalid and unenforceable, as it violates public policy as expressed in the uninsured motorist act and in

statutory limitations provisions. The precise issue herein addressed was decided by the court in *Severs v. Country Mutual Insurance Co*. (1980), 91 Ill. App. 3d 350, 414 N.E.2d 846. In that case, the court emphasized that the purpose of uninsured motorist coverage, as required by the statutory provisions, was to place a policyholder or beneficiary in substantially the same position he would occupy, so far as being injured or killed is concerned, as if the wrongful driver had had the minimum liability insurance required by the Financial Responsibility Act. 91 Ill. App. 3d 350, 351, with citation to *Ullman v. Wolverine Insurance Co*. (1970), 48 Ill. 2d 1, 4, 269 N.E.2d 295.

The court in *Severs* concluded that a policy provision, therein the two-year limitation for suits or claims, that would place an insured in a substantially different position than he would have been in had the tortfeasor carried the insurance coverage required by statute, was void and unenforceable, as being contrary to public policy expressed in the uninsured motorist act and in the statutory limitations provisions. (91 Ill. App. 3d 350, 351-52.) In that case, the plaintiff was a minor, who, had the tortfeasor carried insurance, would have had until two years after attaining age 18 in which to file suit. (Ill. Rev. Stat. 1973, ch. 83, par. 22.) Enforcement of the contractual two-year limit in the uninsured motorist provisions of the policy would have placed the plaintiff in a substantially different position than she would have been in if the tortfeasor had carried the required coverage. Therefore, the limitation, as to the minor plaintiff, was declared void.

In the instant case, plaintiff Dale Kerouac was a minor at the time of the 1969 accident, and under the holding in *Severs*, would have until two years after he attains the age of 18 in which to bring suit or claim under the uninsured motorist provisions of the Country Mutual policy. As to him, because of his minority, the two-year contractual limitation for suits is void, as contrary to public policy. (91 Ill. App. 3d 350, 352.) We would add that we view the overriding of the contractual provision by public policy considerations to be unique to the statutorily required uninsured motorist coverage. See *Severs*, 91 Ill. App. 3d 350, 352 (dissenting opinion).

Having determined that the uninsured motorist coverage in the Country Mutual policy did provide coverage to plaintiff Dale Kerouac, and that the suit on his behalf was not time-barred, we reverse the decision of the circuit court dismissing the plaintiff's suit. Plaintiff argues that we should also remand the cause with directions ordering that Country Mutual submit to arbitration on the issue of damages only. It is argued that by virtue of the verdict in the previous case against C. H. Powell, Country Mutual is collaterally estopped from denying the negligence of Thomas Kerouac, the alleged tortfeasor in this case. Such an

argument displays a complete misunderstanding and misconception of the nature of collateral estoppel. That doctrine applies to factual issues which have been decided in a previous case involving the same parties. The only issues clearly decided in the previous case against Powell were that Powell was not negligent and that the plaintiff Dale Kerouac was not contributorily negligent. Thomas Kerouac's negligence was not an issue decided in that case, and, therefore, it cannot be declared established by virtue of collateral estoppel in the present case. The issue of Thomas Kerouac's negligence in the accident is one which must be decided on remandment. Both liability and damages are questions open upon remandment.

We also reject the plaintiff's assertion that we order a hearing based upon Country Mutual's "unreasonable denial of this claim." (See Ill. Rev. Stat. 1977, ch. 73, par. 767.) While we have found that the issue of coverage was governed by *Barnes v. Powell*, we must note that the trial court, as well as Country Mutual, felt that decision did not control. We find that the issues as to coverage and as to application of the time limitation were legitimately raised by the insurer and that no hearing based upon an alleged unreasonable denial of the claim is in order.

The decision of the Circuit Court of Kankakee County in this case is reversed and the cause remanded with directions to proceed in accordance with the views expressed in this opinion.

Reversed and remanded.

STOUDER and HEIPLE, JJ., concur.