ILLINOIS EMASCO INSURANCE COMPANY, Plaintiff-Appellant, v. ANNE C. DORAN *et al.,* Defendants-Appellees.

First District (3rd Division)   No. 86—1557

Opinion filed September 2, 1987.

Judge & Knight, Ltd., of Park Ridge (Jay S. Judge and Kristine A. Karlin, of counsel), for appellant.

Balkin & Doran, Ltd., of Chicago (Michael G. Artery, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Illinois Emasco Insurance Company, appeals from an order of the trial court awarding summary judgment in favor of defendants Anne C. Doran and Marie Doran in plaintiff's action seeking a declaration of the rights and liabilities of the parties under an automobile insurance policy issued by plaintiff to defendant Anne C. Doran. We affirm.

On September 30, 1984, Marie Doran, mother of Anne C. Doran, sustained injuries when she fell while attempting to enter a car being driven by Anne. Apparently, Anne moved the car forward while Marie was entering it, allegedly causing Marie to fall and sustain injuries. Marie subsequently filed a personal injury lawsuit against Anne.

Thereafter, Anne advised plaintiff of the pending lawsuit. Plaintiff denied that its policy covered the occurrence which resulted in Marie's injuries. Plaintiff, however, assumed defense of Anne in the personal injury lawsuit under a reservation of rights. While defending Anne in the underlying suit, plaintiff filed its complaint for declaratory judgment requesting a determination that the policy it issued to Anne did not provide coverage based on the express exclusionary provisions of the policy. In its declaratory judgment action, plaintiff argued that there was no coverage under the terms of the policy for either (1) the liability claim made by Marie Doran

against Anne C. Doran because of the household exclusion provision, or (2) any separate uninsured motorist claim brought by Marie directly against plaintiff under Anne's policy. Under the express exclusionary provisions of the policy, liability coverage was not provided for bodily injuries sustained by the insured or by her relatives.

Plaintiff thereafter filed a motion for summary judgment in its declaratory judgment action. Anne and Marie filed a cross-motion for partial summary judgment. In their cross-motion for partial summary judgment, Anne and Marie contended that if there was no liability coverage for Marie's injuries because of the policy's household exclusion clause, then Anne was an uninsured motorist. As a result, Marie would therefore be covered by the uninsured motorist provision contained in Anne's Illinois Emasco policy. Prior to the hearing on the motions for summary judgment, the parties conceded that there was no liability coverage for the claim made by Marie against Anne in the personal injury lawsuit due to the household exclusion provision.

Thereafter, the hearing on the pending motions for summary judgment was confined to the issue of whether the uninsured motorist provisions of Anne's Illinois Emasco insurance policy provided coverage for Marie's injuries. Following argument of counsel, the trial court entered summary judgment in favor of Anne and Marie. The trial court determined that Anne's insurance policy afforded uninsured motorist coverage for Marie's claim against Anne in the underlying personal injury lawsuit. This appeal followed.

At issue here is whether the trial court correctly determined that the uninsured motorist provisions of Anne's Illinois Emasco Insurance policy provided coverage for Marie's injuries. The uninsured motorist provisions of the policy provide:

> "PART C—UNINSURED MOTORIST COVERAGE
> We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
> 1. Sustained by a covered person; and
> 2. Caused by an accident.
> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle."

The policy defines an uninsured motor vehicle as a "land motor vehicle *** to which no bodily injury liability bond or policy applies at the time of the accident." An express provision of the policy indicates that the term "uninsured motor vehicle" does not include any vehicle owned, furnished or available for the regular use of the in-

sured or a member of her family.

On appeal, plaintiff argues that the trial court erred in entering summary judgment in favor of Anne and Marie on the issue of uninsured motorist coverage because the clear wording of the policy precludes Anne's automobile from being classified as an uninsured motor vehicle. Plaintiff contends that because coverage depends on whether the occurrence is within the terms of the insuring policy (*General Accident Fire & Life Assurance Corp. v. Klatt* (1984), 121 Ill. App. 3d 862, 866, 460 N.E.2d 339, 341), Marie is not covered under the uninsured motorist provisions of Anne's policy.

Anne and Marie, however, argue that partial summary judgment was properly awarded in their favor because since the basic liability provisions excluded recovery for Marie's injuries as against Anne due to their relationship, Anne is an uninsured motorist as to Marie. Therefore, the uninsured motorist provisions of the policy plaintiff issued to Anne became effective. Anne and Marie further contend that the policy's exclusion of Anne's automobile from coverage under the uninsured motorist provision is overly restrictive and violates the public policy of Illinois as set forth in the Illinois Insurance Code (Code). (Ill. Rev. Stat. 1985, ch. 73, par. 755a.) Section 143a of the Code provides in relevant part:

"[N]o policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of The Illinois Vehicle Code for the protection of persons injured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom ***." Ill. Rev. Stat. 1985, ch. 73, par. 755a(1).

In support of their argument, Anne and Marie rely on the case of *Kerouac v. Kerouac* (1981), 99 Ill. App. 3d 254, 425 N.E.2d 543. *Kerouac* involved an appeal from a trial court's determination that there was no coverage under the uninsured motorist provision of an automobile policy issued to the father of a minor child who was injured while riding in a family car driven by his brother. The terms of the policy precluded recovery by a family member under the applica-

ble liability provision. Moreover, an express provision in the policy provided that the term uninsured vehicle did not include a "vehicle owned by the named insured or by any resident of his household." 99 Ill. App. 3d 254, 257, 425 N.E.2d 543, 545.

On appeal, the plaintiff argued that "the policy's express exclusion of the insured automobile from coverage under the uninsured motorist provisions [were] too restrictive and violate[d] the public policy of the State of Illinois as expressed in the Insurance Code." (*Kerouac v. Kerouac* (1981), 99 Ill. App. 3d 254, 257-58, 425 N.E.2d 543, 545-46.) Relying on the Illinois Supreme Court's holding in *Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377, the appellate court concluded that because plaintiff had no liability coverage due to the policy exclusion, the automobile was uninsured as to him. The appellate court therefore determined that the plaintiff was entitled to coverage under the uninsured motorist provision of his father's policy. *Kerouac v. Kerouac* (1981), 99 Ill. App. 3d 254, 259-60, 425 N.E.2d 543, 547.

In *Barnes*, the plaintiff was injured while a passenger in an automobile of which she was co-owner. There was an automobile liability policy on the vehicle. However, due to a policy exclusion precluding liability coverage for family members, the plaintiff could not recover under the liability provision of her policy. The policy also specifically provided that the term uninsured automobile did not include the insured's automobile. The trial court determined that the plaintiff was not covered under the uninsured motorist provision of her insurance policy. (*Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377.) The appellate court affirmed. The supreme court, however, reversed the decision of the appellate court relying on the legislative intent behind the enactment of the Code. The *Barnes* court stated:

> "It is clear that there is an inconsistency between the liability coverage provision and the uninsured motorist provision of plaintiff's policy. On the one hand plaintiff is excluded from liability coverage for the driver, and on the other, the driver does not qualify as an uninsured motorist even though there is no insurance available. So LaSalle would have us designate the automobile as insured, even though in fact as to plaintiff it is uninsured. *** 'The statutory coverage is mandatory, and it may not be whittled away by an unduly restrictive definition.'" (49 Ill. 2d 449, 453, 275 N.E.2d 377, 379, quoting *Smiley v. Estate of Toney* (1969), 44 Ill. 2d 127, 130-31, 254 N.E.2d 440, 441.)

The *Barnes* court further determined:

"[T]he intent of the legislature was that the uninsured motorist coverage would protect an insured generally against injuries caused by motorists who are uninsured, and by hit-and-run motorists, and that this would complement the liability coverage. The distinction that the uninsured motorist was the driver of the automobile in which plaintiff was a passenger, rather than the driver of another automobile, is not decisive." (49 Ill. 2d 449, 454, 275 N.E.2d 377, 379-80.)

The *Barnes* court concluded that notwithstanding the fact that the plaintiff's vehicle may have been insured as to all others, it was not insured as to her. Therefore, the plaintiff's uninsured motorist coverage "necessarily became effective in light of the legislative mandate" behind the enactment of the Code. 49 Ill. 2d 449, 454, 275 N.E.2d 337, 380.

While defendant cites no legal authority to the contrary, it argues that *Barnes* and *Kerouac* are not applicable here because the policy provision providing that the term "uninsured motor vehicle" does not include "any vehicle or equipment [o]wned by or furnished or available for the regular use of you or any family member" is not void as against public policy. Plaintiff argues that this provision should be construed according to its plain and ordinary meaning. We disagree.

■ In *Barnes*, our supreme court extensively examined section 143a of the Code, and delineated the public policy of this State regarding uninsured motorist coverage. We believe that the *Barnes* decision was intended to be an expression of the legislative objective to provide extensive uninsured motorist coverage for all individuals insured under a valid automobile liability policy. (*Comet Casualty Co. v. Jackson* (1984), 125 Ill. App. 3d 921, 924, 467 N.E.2d 269, 271.) Additionally, since the issues in both *Barnes* and *Kerouac* specifically concerned whether there was uninsured motorist coverage when an express insurance provision precluded the insured's automobile from such coverage, we find no merit in plaintiff's argument that its policy provision restricting uninsured motorist coverage is not contrary to public policy.

■ Moreover, with respect to plaintiff's argument that *Barnes* should no longer remain precedent concerning this issue, we believe that such a departure from precedent should be taken by the Illinois Supreme Court, rather than the appellate court. We, therefore, find that the Illinois Supreme Court decision in *Barnes* is dispositive of the issue here. We further find the *Kerouac* decision to be persuasive authority. Thus, in accordance with the foregoing authorities, the trial court correctly determined that Anne was an uninsured motor-

ist, and coverage was available for Marie under the uninsured motorist provision of Anne's policy.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

WHITE and FREEMAN, JJ., concur.