No. 4‒97‒0846

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1998

EILEEN POPE, as Custodian for ) Appeal from the Circuit Court

Richard A. Boudreau under the ) of the 21st Judicial Circuit

Illinois Uniform Transfers to ) Kankakee County, Illinois

Minors Act, ) 

)

Plaintiff-Appellant, )

)

v. ) No. 90‒LM‒703

)

FIRST OF AMERICA, N.A., )

)

Defendant-Third-Party )

Plaintiff-Appellee, )

)

v. )

)

RICHARD A. BOUDREAU and )

EILEEN POPE, )

) Honorable

Third-Party Defendant- ) Fred S. Carr, Jr.

Appellants. ) Judge, Presiding.

)

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

The Plaintiff Eileen Pope filed a complaint against the defendant bank, First of America, N.A., after it refused to allow her to withdraw funds she had deposited into an account opened for her son Richard A. Boudreau (Ricky) under the Illinois Uniform Transfers to Minors Act (Act) (760 ILCS 20/1 
et seq.
 (West 1996)).  The bank filed a motion for summary judgment, which the trial court granted.  Pope appeals.  We affirm.

FACTS

Pope opened the account on January 25, 1990.  She was the custodian of the account, and Ricky was the minor beneficiary.  Two days after the account was opened, Ricky went to the bank, showed his driver's license and erroneously obtained the number of an account owned by an unrelated man named Richard A. Boudreau and his wife.  Using this account number, Ricky made nine withdrawals between January 17 and March 2, totaling $7,950, from Richard's account.  After discovering the unauthorized withdrawals, the bank notified Pope and Ricky and requested the return of the funds.  Restitution was never made.

On April 10, 1990, Pope tried to withdraw the $7,000 she had deposited into the trust account plus the accrued interest.  The bank refused to turn over the money because it had been used to partially set off Ricky's unauthorized withdrawals.

On September 13, 1990, Pope filed a complaint against the bank, alleging that it had converted the trust account funds by refusing to allow her to withdraw the money.  In its answer, the bank asserted the affirmative defense of setoff due to Ricky's conversion of $7,950.  The bank also filed a third-party claim against Ricky and his mother, claiming they had failed to repay the funds Ricky had converted from the other bank account.  The bank subsequently filed a motion for summary judgment on Pope's amended complaint and on count I of its third-party complaint against Ricky.  Pope then filed a motion for judgment on the pleadings and the bank's affirmative defense of setoff.

On August 20, 1997, the trial court granted the bank's motion for summary judgment on Pope's complaint and on count I of its third-party complaint.  Pope filed a timely notice of appeal from the portion of the judgment granting summary judgment in favor of the bank on her amended complaint.  No appeal was taken regarding count I of the bank's third-party complaint.

DISCUSSION

I.

A.

Pope first contends that the bank cannot use the setoff provision of the trust account to offset Ricky's withdrawals because she alone signed the deposit agreement and was the only person with the authority to make withdrawals.  Thus, the setoff provision would apply only to her debts, not to Ricky's.

A ruling on a motion for summary judgment is reviewed 
de novo
.  
Murneigh v. Gainer
, 177 Ill. 2d 287, 298, 685 N.E.2d 1357, 1362 (1997).  A grant of summary judgment is proper when there is no genuine issue of material fact and the case may be resolved as a matter of law.  
People ex rel. Toynton v. Commonwealth Edison Co.
, 285 Ill. App. 3d 357, 360, 674 N.E.2d 809, 811 (1996).

In this case, the trust account deposit agreement states:

"Set-Off.  By signing this form you each agree that we may at any time (without prior notice, except as prohibited by law) set-off the funds in this account against any debt owed to us now or in the future, by any of you having the right of withdrawal, subject to any limit on the right of withdrawal from this account by such person or legal entity."

Funds in an account opened under the Act are "custodial property [that] is indefeasibly vested" in the minor beneficiary, and all transfers are "irrevocable."  760 ILCS 20/12(b) (West 1996).  Thus, the money in the trust account belonged to Ricky, not to Pope.  As custodian of the funds, Pope controlled them and could "hold money so given in an account in the financial institution to which it was paid or delivered by the transferor."  760 ILCS 20/13(a), (b) (West 1996).

In signing the trust account agreement, Pope acted on Ricky's behalf and agreed to permit the bank to set off funds from this account for his debts.  The Act does not preclude this type of activity by a custodian.  Indeed, the power to take the steps necessary to open a trust account at a bank is implicit in a custodian's statutory duties to "(1) take control of custodial property; (2) register or record title to custodial property if appropriate; and (3) collect, hold, manage, invest, and reinvest custodial property."  760 ILCS 20/13(a) (West 1996).  The custodian is also specifically permitted to hold the property in a separate bank account.  760 ILCS 20/13(b) (West 1996).  The bank was entitled to use the funds in the account as a setoff against Ricky's unauthorized withdrawals.  

B.

Pope next argues that the section of the Act concerning liability to third parties should not be applied here because the public policy of this state supports protecting the financial future of minors.  She claims that to allow setoffs would undermine this protection.

Section 18 of the Act states:

"Liability to Third Persons.  (a) A claim based on *** (iii) a tort committed during the custodianship, may be asserted against the custodial property by proceeding against the custodian in the custodial capacity, whether or not the custodian or the minor is personally liable therefor."  760 ILCS 20/18 (West 1996).

The language of the statute thus subjects the trust property to tort claims arising during the custodianship.  The legislature has chosen to limit the protection available to minors under the Act, and this court may not second-guess its judgment.  
Kerouac v. Kerouac
, 99 Ill. App. 3d 254, 261, 425 N.E.2d 543, 548 (1981).  Pursuant to the Act, the bank was entitled to assert its claim against the custodian for Ricky's tortious conduct.  760 ILCS 20/19(a)(iii) (West 1996).  The bank's actions were within the statutory limitations enacted by the legislature.

II.

Pope argues that the bank has no common law right to a setoff because there is no mutuality between the parties.  A similar argument was rejected by the supreme court in 
Fisher v. State Bank of Annawan
, 163 Ill. 2d 177, 181, 643 N.E.2d 811, 813 (1994).  The 
Fisher
 court concluded that mutuality was irrelevant where there was a contractual basis for the setoff.  In this case, the deposit agreement is an enforceable contract between the parties; thus, the doctrine of mutuality has no application.

III.

Finally, Pope contends that the bank was required to turn over the funds in the trust account because they were a special deposit.

The distinction between a special deposit and a general deposit is well established.  A special deposit is a bailment made for safekeeping, and the depositor is entitled to the return of the identical thing deposited.  
Mid-City National Bank v. Mar Building Corp.
, 33 Ill. App. 3d 1083, 1089, 339 N.E.2d 497, 502-03 (1975).  When a general deposit is made, the bank becomes a debtor of the depositor and has no obligation to set aside the deposited funds.  See 
Mid-City
, 33 Ill. App. 3d at 1089, 339 N.E.2d at 502
.  A bank account is presumed to be a general deposit unless there is an agreement to the contrary.  
Bieze v. Coca
, 54 Ill. App. 3d 7, 16, 369 N.E.2d 106, 112 (1977).  The mere fact that a deposit was made by a fiduciary or includes trust funds does not make it a special deposit, even if the bank knows of these facts.  
Bieze
, 54 Ill. App. 3d at 16, 369 N.E.2d at 112.

Here, there is no evidence that the money in the trust account was a special deposit.  The parties did not have an agreement that the original deposit would be returned on request or that the transaction created a bailment.  The trial court correctly decided that Pope was not entitled to withdraw the funds.

CONCLUSION

Because we affirm the trial court's order on other grounds, we need not reach the other issues raised by the parties on appeal.

The judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

BRESLIN AND HOLDRIDGE, JJ., concur.