Patricia Packenham, Plaintiff-Respondent, v. Colin Miltimore, Defendant-Petitioner.

Gen. No. 67–23.

Second District.
December 12, 1967.

Snyder, Clarke, Dalziel, Holmquist and Johnson, and Walwyn M. Trezise, of Waukegan, for appellant.

Hall, Meyer, Fisher, Holmberg, Snook and May, of Waukegan, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

We granted defendant's application for leave to appeal from an interlocutory order by permission of the trial court after a denial by the trial court of defendant's motion for summary judgment.

On March 20, 1966, plaintiff was riding as a guest passenger in an automobile operated by her fiance, the defendant. An automobile accident occurred in which plaintiff was injured. On May 17, 1966, plaintiff filed suit against the defendant alleging wilful and wanton misconduct on the part of the defendant in the operation of the automobile and, on May 28, 1966, eleven days later, that plaintiff and the defendant were married.

Defendant filed a motion for summary judgment charging that the plaintiff could no longer maintain a cause of action for personal injuries based upon a premarital tort.

While the case was pending on appeal, plaintiff filed a motion to dismiss the appeal on the grounds that the proceeding has become moot in that the parties were divorced on August 28, 1967. This motion and objections thereto were taken with the case.

In 1952 the Supreme Court decided the case of Brandt v. Keller, 413 Ill 503, 109 NE2d 729. There, an estranged husband and wife met to consider plans for divorce and were involved in an automobile collision while the husband was driving. Subsequent to the divorce, the wife brought suit as a guest passenger, charging wilful and wanton misconduct. The Supreme Court reversed an Appellate Court's decision sustaining the trial court's order of dismissal and ruled that, under the Married Women's

453

Act of 1874, a wife was permitted to sue her husband for wilful and wanton misconduct committed by him during the marriage. The court stated at page 513:

> "The Married Women's Act of 1874 is an enabling act, and, although it is in derogation of the common law, it is the settled policy of this court that it must be given a liberal construction to effectuate the manifest intention of the legislature. (Citations omitted.)
>
> "Under our interpretation, the provision in question reflects a legislative intent to establish the separate identity of a married woman in all litigation, and to remove all her common-law disability with reference to suing and being sued, so that she will be placed in the same status 'as if she were unmarried.' It is our province to effectuate this purpose by construing the phrase 'in all cases' literally, so as to include all actions against all persons, including her husband, rather than to interject exceptions or give a restrictive interpretation to the statutory provision which would merely perpetuate a vestigial concept based upon the abrogated common-law rule that a married woman's rights and property belong to her husband.
>
> "In our view, any other interpretation would constitute judicial legislation, and construe away changes made by a remedial statute. (Dissenting opinion delivered by Justice Harlan, and concurred in by Justices Holmes and Hughes in Thompson v. Thompson, 218 US 611.)
>
> "This court is cognizant of the problems with reference to the items of damage in a married woman's tort action against her husband. It will be the province of the court in such cases to properly instruct the jury so that items of expense for which the husband is already liable may not be computed as further damages."

The following year the Illinois legislature, apparently in an effort to overcome the effect of the rule in the Brandt case, amended the Married Women's Act to read as follows:

> "A married woman may, in all cases, sue and be sued without joining her husband with her, to the same extent as if she were unmarried; provided, that neither husband nor wife may sue the other for a tort to the person committed during coverture." (Ill Rev Stats 1965, c 68, § 1.)

The statute specifically prohibits action by either spouse for civil torts to the person committed during coverture. It makes no reference to premarital torts and under the Brandt decision it is clear that an action could be maintained therefor.

Defendant contends that, under the law prior to the Brandt decision, the Illinois courts followed a common-law rule prohibiting tort suits between spouses and that, since the obvious intent of the 1953 amendment to the Married Women's Act was to totally nullify the Brandt decision, the law should now be in the same state that it was prior to Brandt.

We cannot agree with this contention. The 1953 amendment to the statute makes no reference to premarital torts and we do not feel that its meaning can be extended beyond the clear wording of the amendment itself.

The premarital tort situation is to be distinguished from that presented in Heckendorn v. First Nat. Bank of Ottawa, 19 Ill2d 190, 166 NE2d 571 (1960) and Wartell v. Formusa, 34 Ill2d 57, 213 NE2d 544 (1966).

Heckendorn presented the issue of whether, under the Married Women's Act, the widow had a right to sue the husband's estate for a tort committed during coverture. The court held that the statute barred the cause of action from coming into being and, since the cause of action never existed, it could not survive the husband's death.

This case was followed by the Wartell case where the husband and wife were involved in an accident which resulted in the husband's death and it was there held that the wife could not maintain a tort action against her husband's estate.

Historically, two major policy arguments have been advanced to deny interspousal tort suits; first, that the denial of such actions is justified on the basis that they disrupt marital unity and, second, that the denial avoids the danger of collusion in tort actions between spouses. Defendant contends that these reasons justify a judicial reinstatement of the common-law prohibition against interspousal suits. These reasons were considered and rejected in the Brandt decision. In the Heckendorn case, the Supreme Court held that the purpose of the 1953 statutory provision was to prevent the cause of action from coming into being. The court did not use these old arguments to sustain its position or to distinguish between situations where the marriage remains in existence at the time of the suit or has terminated by death or divorce prior thereto.

In this case, the cause of action existed prior to the marriage. Under the Brandt decision the cause of action could have been maintained prior to the marriage, during the marriage and subsequent to the marriage, and we do not believe that the 1953 amendment to the Married Women's Act alters this situation under the factual circumstances in the case at bar.

Because of our reasoning it is unnecessary for us to rule upon the motion to dismiss predicated on the divorce between the parties hereto.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.