(No. 51223.–

ALLSTATE INSURANCE COMPANY, Appellant, v. HELEN F. ELKINS, Appellee.

*Opinion filed October 19, 1979.—Rehearing*
*denied November 30, 1979.*

RYAN and UNDERWOOD, JJ., dissenting.

John L. Kirkland, Thomas M. Hamilton, Jr., and Stanley J. Davidson, of Hinshaw, Curlbertson, Moelmann, Hoban & Fuller, of Chicago, for appellant.

John C. Ambrose, of Chicago (F. John Cushing III, of counsel), for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Helen F. Elkins, appealed from the judgment of the circuit court of Cook County entered upon allowance of the motion for summary judgment of plaintiff, Allstate Insurance Company, in its action for declaratory judgment. The appellate court reversed and remanded (63 Ill. App. 3d 62), and we allowed plaintiff's petition for leave to appeal.

Defendant and her minor daughter, Beverly, were injured while riding in an automobile being driven by defendant's husband, Dorsey Elkins, which collided with another automobile. In force at that time was an automobile liability insurance policy issued by plaintiff to Dorsey Elkins as the named insured, under the terms of which defendant was also an "insured." The uninsured motorist coverage portion of the policy provided:

> "Allstate will pay all sums which the insured *** shall be legally entitled to recover as damages from the

owner or operator of an uninsured automobile \*\*\* caused by accident and arising out of the \*\*\* use of such uninsured automobile \*\*\*."

The liability provisions of the policy contained the following exclusion:

"bodily injury to any person who is related by blood, marriage, or adoption to an insured against whom claim is made if such person resides in the same household as such insured."

The parties are in agreement that by reason of this exclusion Dorsey Elkins was "uninsured" with respect to his wife and daughter. Defendant and Beverly filed claims under the uninsured motorist coverage, plaintiff refused payment, and the claims were submitted to arbitration. It cannot be determined from the record the extent, if any, to which plaintiff participated in the arbitration proceedings. Prior to the time that the arbitrator rendered his decision, plaintiff filed this action for declaratory judgment. The arbitrator awarded Beverly $1,300, and found that the value of defendant's injury was $18,500. The arbitrator held, however, that because Dorsey Elkins was immune from suit by defendant (Ill. Rev. Stat. 1973, ch. 68, par. 1), she was not "legally entitled to recover" damages from him. There was no action taken to vacate or modify the arbitrator's decision. The circuit court held that because of the interspousal immunity provisions of the statute (Ill. Rev. Stat. 1973, ch. 68, par. 1), defendant was not legally entitled to recover for injuries caused in the collision, and that her failure to file a timely proceeding to vacate the arbitrator's decision rendered it final and binding on the parties.

The appellate court reversed and remanded, holding that the question whether interspousal immunity precluded defendant from recovering under the uninsured motorist provision was beyond the authority of the arbitrator to decide and that the defense of interspousal

immunity could not be raised by a third party. The appellate court interpreted the words "legally entitled to recover" "to mean that the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages." 63 Ill. App. 3d 62, 66.

Plaintiff contends that because of the statutory interspousal tort immunity created by section 1 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1973, ch. 68, par. 1), which provided that "neither husband nor wife may sue the other for a tort to the person committed during coverture," defendant is not a person "legally entitled to recover damages" within the meaning of the policy provisions. Plaintiff contends, too, that because defendant failed to file an application to vacate the decision of the arbitrator pursuant to the provisions of section 12(b) of the Uniform Arbitration Act (Ill. Rev. Stat. 1977, ch. 10, par. 112(b)) within 90 days after the decision was rendered (Ill. Rev. Stat. 1977, ch. 10, par. 112(b)) the decision of the arbitrator in favor of plaintiff was final and binding on defendant.

It is defendant's position that the interspousal immunity provision of the statute applies only to situations where one spouse attempts to recover in tort from the other and is not applicable to a claim based upon a contractual right against a third party, her spouse's insurer. Defendant argues, too, that the failure to seek to vacate the decision of the arbitrator within 90 days was excused by the fact that plaintiff had initiated this action in declaratory judgment while the arbitration was pending, and that the arbitrator's decision was void because he exceeded his jurisdiction in deciding a coverage dispute which was not a matter subject to arbitration, but a question of law to be decided by the courts.

The precise question presented has not previously been decided in this jurisdiction and the parties have cited a number of authorities from other jurisdictions. An

analysis of the cases shows that recovery has been permitted when the claimant shows conduct on the part of the tortfeasor spouse which would entitle the claimant to recover damages even though a defense available to the tortfeasor would defeat actual recovery. Thus in *Guillot v. Travelers Indemnity Co.* (La. App. 1976), 338 So. 2d 334, it was held that the doctrine of interspousal immunity did not bar the wife's recovery under an uninsured motorist endorsement because the defense was personal to the tortfeasor spouse and was not available to his insurer. In *De Luca v. Motor Vehicle Accident Indemnification Corp.* (1966), 17 N.Y.2d 76, 215 N.E.2d 482, and *Sahloff v. Western Casualty & Surety Co.* (1969), 45 Wis. 2d 60, 171 N.W.2d 914, it was held that although the uninsured motorist, in an action against him, could have availed himself of a defense based upon the statute of limitations, that defense was not available to his insurer.

In order to prevail the claimant must be able to show her right to recover. Thus in *Markham v. State Farm Mutual Automobile Insurance Co.* (10th Cir. 1972), 464 F.2d 703, the court held that plaintiff, injured as the result of the operation of an automobile by her daughter, was not "legally entitled to recover damages" from the operator of the automobile for the reason that under Oklahoma law a parent has no cause of action based upon tort against an unemancipated child. In *Country Mutual Insurance Co. v. National Bank* (1969), 109 Ill. App. 2d 133, and *Bocek v. Inter-Insurance Exchange of the Chicago Motor Club* (1977), ——— Ind. App. ———, 369 N.E.2d 1093, it was held that bringing an action for wrongful death within the two-year statute of limitations was a condition of the cause of action and failure to seek arbitration within that period served to bar uninsured motorist claims. Plaintiff has cited *Nolan v. Farmers Insurance Exchange* (Mo. App. 1967), 413 S.W.2d 530, which involved an insurance policy which provided that

the insurer would pay all sums "which the owner or operator of an uninsured motor vehicle would be legally responsible to pay as damages to the insured because of bodily injuries sustained by the insured caused by the accident ***." The Missouri Court of Appeals, holding that neither spouse may maintain a civil action against the other based upon tort occurring during coverture, denied the wife's claim. Whether the inability to recover results from a holding that the claimant had no cause of action or that the tortfeasor spouse was immune to suit, the distinction between a policy provision for payment of sums which the insured "shall be legally entitled to recover" and one which provides for payment of those sums which the uninsured motorist "would be legally responsible to pay" is readily apparent, and we do not find *Nolan* persuasive.

From our examination of the authorities we conclude that prior to the 1953 amendment of the statute (Ill. Rev. Stat. 1951, ch. 68, par. 1) one spouse could bring an action in tort against the other during coverture (*Brandt v. Keller* (1952), 413 Ill. 503) and that the effect of the 1953 amendment was not to destroy the cause of action of the injured spouse, but to confer immunity on the tortfeasor spouse, which like a defense based upon the statute of limitations can be waived by the defendant spouse.

We agree with the appellate court that the proper interpretation of the words "legally entitled to recover" means that the claimant must be able to prove the elements of her claim necessary to entitle her to recover damages. That the tortfeasor uninsured motorist in an action brought against him might be in a position to invoke a defense of limitations or some form of statutory immunity is relevant to the question of the right to enforce payment, but does not affect the claimant's legal entitlement to recovery. In interpreting the provisions of an insurance policy the intent of the parties is the most

significant factor and any ambiguity should be construed in favor of the insured. (*Kaufmann v. Economy Fire & Casualty Co.* (1979), 76 Ill. 2d 11.) As we have heretofore noted, the parties are in agreement that the exclusion contained in the liability provisions of the policy served to render defendant's husband an uninsured motorist. We find it difficult to agree that it was the intent of the parties that the exclusion invoke the uninsured motorist coverage and at the same time preclude recovery by the injured spouse on the basis of statutory interspousal immunity.

We consider next plaintiff's contention that defendant's failure to move to vacate the arbitrator's decision within 90 days rendered the award final and the declaratory judgment action moot. Plaintiff instituted the action for declaratory judgment prior to the decision of the arbitrator and sought to stay the arbitration and obtain a determination by the court concerning the rights and liabilities of the parties. Because the declaratory judgment action involved precisely the same issue which the arbitrator decided, the filing of any further action on the part of defendant would have been a useless act. Under the circumstances shown, plaintiff is hardly in a position to seek the protection of an arbitrator's award which it sought by this action to invalidate. In view of the conclusion reached, we need not consider whether the coverage question presented was appropriately one for arbitration. *Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE RYAN, dissenting:

I must dissent from the opinion adopted by the majority because it totally ignores the previous construc-

tion which this court has given to the statute in question (Ill. Rev. Stat. 1973, ch. 68, par. 1, now found in Ill. Rev. Stat. 1977, ch. 40, par. 1001). The General Assembly has acquiesced in this construction for almost 20 years. We are therefore not free to now say that the statute means something different just because it is being applied in a different context. The opinion states:

> "From our examination of the authorities we conclude that prior to the 1953 amendment of the statute (Ill. Rev. Stat. 1951, ch. 68, par. 1) one spouse could bring an action in tort against the other during coverture (*Brandt v. Keller* (1952), 413 Ill. 503) and that *the effect of the 1953 amendment was not to destroy the cause of action of the injured spouse but to confer immunity on the tortfeasor spouse,* which like a defense based upon the statute of limitations can be waived by the defendant spouse." (Emphasis added.) 77 Ill. 2d at 390.

Almost 20 years ago, in *Heckendorn v. First National Bank* (1960), 19 Ill. 2d 190, in construing this same statute, this court stated:

> "The legislature created a statutory disability during the lifetime of the parties. *Its intent was to prevent a cause of action from coming into being.* If a cause of action could not exist in favor of the wife and against the tort-feasor husband, it could not survive his death." (Emphasis added.) (*Heckendorn v. First National Bank* (1960), 19 Ill. 2d 190, 193.)

The holding of *Heckendorn* was reaffirmed by this court 6 years later in *Wartell v. Formusa* (1966), 34 Ill. 2d 57, and, as noted later in this dissent, has been acknowledged by the court as being the accepted construction of this statute. Thus, the statute has not been construed as creating an immunity from suit that can be raised as a

defense or waived by one spouse when sued by the other, as the majority opinion holds. Under the previous construction, the cause of action does not exist in favor of the injured spouse against the tortfeasor. Under our previous construction, the fact that the uninsured motorist provision of an insurance policy permits payment of the sum the insured "shall be legally entitled to recover" would not, in our case, permit the injured wife to recover under the policy, because she has no cause of action against her husband and therefore is not legally entitled to recover from him.

The majority opinion distinguishes *Markham v. State Farm Mutual Automobile Insurance Co.* (10th Cir. 1972), 464 F.2d 703, pointing out that "under Oklahoma law a parent has no cause of action based upon tort against an unemancipated child." (77 Ill. 2d at 389.) The distinction is nonexistent because, under the previous construction placed on our statute, the wife has no cause of action in tort against her husband.

At this term, our court adopted an opinion in *Union Electric Co. v. Illinois Commerce Com.* (1979), 77 Ill. 2d 364. In that case we held that the previous construction which had been placed on section 30 of the Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 30) precluded us from considering the relative merits of the "original cost" method as against the "fair value" method of determining rate base for the utilities. We there stated that we need not speculate which of the two methods we would accept "were we writing on a clean slate." (77 Ill. 2d 364, 379.) The previous decisions of this court consistently construed the statute as requiring that the reasonable return to the utility be based on the "fair value" of its property. We stated that under these facts it would be a usurpation of legislative power for this court to now abandon the "fair value" method and apply the "original cost" method:

"The construction this court has placed upon the Act has in effect become a part of the Act, and a change in that construction by this court would amount to amending the statute. The power to accomplish this does not lie in the courts. [Citations.] " 77 Ill. 2d 364, 381.

The same reasoning applies to the statute in question (Ill. Rev. Stat. 1973, ch. 68, par. 1). The part of that statute involved in this litigation—"provided, that neither husband nor wife may sue the other for a tort to the person committed during coverture"—was not in the original enactment. It was added in 1953 in response to this court's holding in *Brandt v. Keller* (1952), 413 Ill. 503, in which this court construed the statute (sometimes called the married woman's act of 1874 (Ill. Rev. Stat. 1951, ch. 68, par. 1)) as removing a married woman's common law disability and permitting her to sue her husband. In *Heckendorn* this court noted that, in the next session of the General Assembly following the decision in *Brandt,* the statute was amended by adding the priviso set out above and under consideration in this case. In *Heckendorn* this court stated the legislative intent in amending the statute was to *prevent a cause of action from coming into being.* As noted above, this construction was followed by this court in *Wartell v. Formusa.* In *Packenham v. Miltimore* (1967), 89 Ill. App. 2d 452, 455, the appellate court noted that *Heckendorn* had construed the 1953 amendment as barring "the cause of action from coming into being." Also, in *Herget National Bank v. Berardi* (1976), 64 Ill. 2d 467, this court, referring to its previous decisions in *Heckendorn* and *Wartell,* stated:

"This court held in each case that the *action was barred* by the amendment enacted after the decision in *Brandt.* " (Emphasis added.) (*Herget National Bank v. Berardi* (1976), 64 Ill. 2d 467, 472.)

Thus, since this court's construction of the amendment in 1960, it has been the consistent interpretation of the language we are now considering that the 1953 amendment *prevented the cause of action from coming into being.* The amendment has not been construed as the majority opinion now holds—that the wife has a cause of action and that the amendment creates an immunity which the husband may waive.

The majority opinion does not cite *Heckendorn, Wartell, Herget National Bank* or *Packenham.* It also does not suggest why the construction placed upon the statute by those cases should now be abandoned after a 20-year history of acceptance.

We also note that the statute has been amended at various times since this court's decision in *Heckendorn.* However, the language which was construed in *Heckendorn* has not been changed. As we pointed in *Union Electric,* adopted by this court at this term, subsequent amendments to an act without changes in language that this court has construed are strong evidence that the construction conforms to the legislative intent.

As we stated in *Union Electric,* the construction has now become a part of the statute which we are not at liberty to change. I fear the majority opinion has usurped the authority of the legislature by now giving an entirely different meaning to the statute under consideration. I must therefore respectfully dissent.

MR. JUSTICE UNDERWOOD joins in this dissent.