(Nos. 57352, 57365 cons.—

FRANCES E. WILLIAMS, Appellant, v. WILLIAM A. WILLIAMS, Appellant (United Security Insurance Company, Appellee).

*Opinion filed October 21, 1983.*

SIMON, J., dissenting.

Klockau, McCarthy, Ellison, Rinden & Hartsock, of Rock Island (Raymond J. Conklin, of counsel), for appellant.

Winstein, Kavensky, Wallace & Doughty, of Rock Island (Stewart R. Winstein, of counsel), for appellee

William A. Williams.

Califf, Harper, Fox, Dailey & Slover, of Moline (Dennis R. Fox, of counsel), for appellee United Security Insurance Company.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Frances E. Williams, filed an action in the circuit court of Rock Island County alleging that while riding as a passenger in an automobile being driven by defendant, William A. Williams, in Lowndes County, Mississippi, she suffered personal injuries as the result of defendant's negligently causing his automobile to strike an oncoming automobile. Defendant filed a motion to dismiss on the ground that at the time of the occurrence plaintiff and defendant were husband and wife and that under the provisions of section 1 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1979, ch. 40, par. 1001), "plaintiff may not sue defendant and defendant is entitled to judgment as a matter of law." Attached to the motion was defendant's affidavit stating that the parties were married in 1968, were married on the date of the occurrence, and had at all times during their marriage resided in the State of Illinois. The circuit court allowed the motion to dismiss and plaintiff appealed.

Contained in the record is the affidavit of plaintiff filed in the circuit court after the entry of the order of dismissal in which she states that at the time of the occurrence there was in force and effect a policy of liability insurance applicable to defendant's automobile; that she is informed and believes that the attorneys representing defendant were selected by the insurance company; that when her husband was requested to sign the affidavit attached to the motion to dismiss there was no explanation made to him of either the effect of the affidavit or of ex-

ceptions to the policy, nor was there any explanation of "the so-called immunity from suit by a spouse"; that he was not advised that he had a choice of whether to raise a defense of immunity from suit for tortious conduct between spouses; and that he had a right to consult counsel of his own because of a possible coverage issue.

In the appellate court defendant, represented by new counsel, was given leave to "intervene" and file a brief. United Security Insurance Company was also given leave to appear as a party and file a brief.

The appellate court affirmed the order dismissing the action (108 Ill. App. 3d 936), and we allowed the separate petitions for leave to appeal of plaintiff and defendant (87 Ill. 2d R. 315).

At the time of the entry of the judgment from which the appeal was taken the record in the circuit court presented the single issue whether plaintiff's cause of action was correctly dismissed. The affidavit filed in the circuit court subsequent to the entry of the order of dismissal and the so-called "interventions" in the appellate court appear to have greatly expanded the issues. In its opinion the appellate court held that the judgment should be affirmed because "An Act to revise the law in relation to husband and wife" barred a personal injury action between spouses for torts occurring during their marriage. It goes on, however, to discuss other issues and decides that "[t]he defendant's insurer can invoke Mr. Williams' statutory immunity from suit for plaintiff's claim for damages" (108 Ill. App. 3d 936, 942).

We are not aware of any authority which would confer standing on plaintiff prior to recovery of judgment against defendant to raise the question whether defendant had been advised concerning certain matters by his insurance carrier. There is nothing in the record to show that in the circuit court defendant raised the question of a conflict of interest between insurance counsel and him-

self. There was no motion for leave to withdraw the motion to dismiss or to amend it, nor did defendant in any manner indicate to the circuit court that his position was other than stated in the motion, *i.e.,* that the statute precluded the action being brought against him. The fact that the parties, by "intervening" in the appellate court, and by raising additional questions in their briefs, have expanded the issues does not broaden the scope of what was decided by the circuit court and may appropriately be reviewed on appeal.

On this record we hold that the circuit court judgment was correct and the appellate court did not err in affirming it. To the extent that the appellate court opinion decides the questions whether the immunity conferred by section 1 of "An Act to revise the law in relation to husband and wife" is personal and may be waived, and whether the insurance carrier can invoke the defendant's immunity in defense of plaintiff's action, the judgment of the appellate court is vacated without comment as to its merits. (*Madison Park Bank v. Zagel* (1982), 91 Ill. 2d 231.) As so modified, the judgment is affirmed.

*Judgment affirmed as modified.*

JUSTICE SIMON, dissenting:

I feel, as did the dissenting justice in the appellate court, that Mrs. Williams by her affidavit raised material and genuine disputed questions of fact. (See 108 Ill. App. 3d 936, 941 (Barry, J., dissenting).) The questions were whether counsel for Mr. Williams suffered from a conflict of interest he did not disclose to Mr. Williams; whether in this case Mr. Williams had the personal right to waive interspousal immunity; whether he was informed of that right by his counsel or the court; and whether the insurance carrier had the right to rely on interspousal immunity as a defense in the absence of a specific provision to that effect in the insurance policy in

addition to the clause requiring the insured's cooperation.

It is clear that the defendant was not hostile to his wife or her claim. It is also clear that the defendant was in a position adverse to his insurer. Under these circumstances it is not reasonable to assume that the attorney chosen and provided for Mr. Williams by the insurer would raise the issues presented by Mrs. Williams. Nor is it reasonable to put Mr. Williams to the expense of employing additional counsel to raise issues his own attorney would not raise because of his divided loyalty to Mr. Williams and to the insurance company which employed him.

I believe that Mrs. Williams' affidavit, timely filed in the circuit court after the entry of the order of dismissal, put the insurer fully on notice of the dissatisfaction she and her husband had with the insurance company's representation in the case and the issues it raised. I find the majority's basis for disposition, which would, in effect, have required Mr. Williams to retain separate counsel to present the same motion, entirely too technical. Besides, such a motion would not have informed the insurance carrier of anything of which it had not already been made aware by Mrs. Williams' affidavit.

Moreover, I believe that Mrs. Williams, herself, as the spouse who was the object of the immunity claim and at the same time the plaintiff in this case, had standing to question at least whether her husband had waived his attorney's apparent conflict of interest after full and frank disclosure, whether it had been his personal desire to assert a defense which was based on their marriage relationship, and whether the defense belonged to the insurance company or to her husband. Thus, her affidavit setting forth that issue raised a material and genuine disputed question of fact which should have been disposed of as directed by section 2—619(c) of the Code of

Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(c)).

I would therefore decide the appeal on the merits instead of relying on the technical grounds adopted by the majority to avoid decision on the merits. My view on the merits would be to reverse the appellate court for the reasons set forth in Justice Barry's dissenting opinion. I reach this conclusion also because I believe that, notwithstanding the cooperation requirement, if it was the intention of the insurer and insured to reserve the right to assert the defense of interspousal immunity in actions under the policy this should have been expressly stated as part of the bargain in the insurance policy which the insurer drafted.