GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., Plaintiff-Appellant, *v.* ALOYSIUS KLATT, Defendant-Appellee.

First District (3rd Division)   No. 82—2708

Opinion filed February 1, 1984.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Thomas M. Hamilton, and Peter C. Morse, of counsel), for appellant.

Kwiatt & Silverman, Ltd., of Chicago (Scott E. Tuckerman and Michael

Silverman, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff General Accident Fire & Life Assurance Corp., Ltd., filed an action for declaratory judgment to determine the availability of uninsured motorist coverage for defendant, Aloysius Klatt, who was injured, on October 18, 1980, in a one-car accident while being driven by his wife. Both parties filed motions for judgment on the pleadings. Defendant's motion was granted, the circuit court of Cook County holding that he was entitled to uninsured motorist coverage under the policy issued on his automobile by plaintiff. Plaintiff appeals, contending that defendant's wife was an insured under the policy and that, therefore, defendant was not entitled to uninsured motorist coverage.

Section 143a(1) of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 755a(1)) provides in pertinent part:

"Sec. 143a. (1) On or after July 1, 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of The Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, except that the named insured shall have the right to reject such coverage only on policies delivered, renewed or issued for delivery before July 1, 1967."

The legislative intent of this section is in part to insure that persons injured by an uninsured motorist are protected at least to the extent that compensation is made available for persons injured by a motorist insured for the minimum limits under section 7—203 of the Illinois Safety Responsibility Law (Ill. Rev. Stat. 1979, ch. 95½, par. 7—203). (*Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 434 N.E.2d 290.) Thus, protection is afforded only when the motorist at fault is uninsured.

Policy No. ACF2781851 issued by plaintiff to defendant provided liability coverage and also uninsured motorist coverage as required by

section 143a(1).

Part I of the policy provided liability coverage:

"Part I—Liability

Coverage A—Bodily Injury Liability;

\* \* \*

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

A. bodily injury, \*\*\* sustained by any person; arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, ˙false or fraudulent;

\* \* \*

Persons Insured

The following are insureds under Part I:

(a) with respect to the owned automobile,

(1) the named insured and any resident of the same household,

\* \* \*

Definitions

Under Part I:

'named insured' means the individual named in Item 2 of the declarations and also includes his spouse, if a resident of the same household.

\* \* \*"

Part IV provided uninsured motorist coverage:

"Part IV—PROTECTION AGAINST UNINSURED MOTORISTS

Coverage G—Uninsured Motorists (Damages for Bodily Injury)

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury \*\*\* sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile;

\* \* \*

Definitions

\* \* \*

'uninsured automobile' includes a trailer of any type and means:

(a) an automobile or trailer with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or *** ."

From the foregoing provisions of the statute and policy it is clear that uninsured motorist coverage is provided only when the motorist causing the injury is uninsured. It is equally clear from the provisions of the policy here involved that defendant's wife who was driving was an insured under part I of the policy. Defendant admits she was an insured, but contends that because of the statutory interspousal tort immunity created by section 1 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1979, ch. 40, par. 1001), defendant's wife was an uninsured motorist.

That section, as amended in 1953, provides:

"A married woman may, in all cases, sue and be sued without joining her husband with her, to the same extent as if she were unmarried; provided, that neither husband nor wife may sue the other for a tort to the person committed during coverture. An attachment or judgment in such action may be enforced by or against her as if she were a single woman."

Defendant argues that the interspousal immunity precludes liability coverage under his policy and invokes the uninsured motorist coverage of his policy. We disagree.

In *Allstate Insurance Co. v. Elkins* (1979), 77 Ill. 2d 384, 390, 396 N.E.2d 528, on which defendant relies, the court stated:

"From our examination of the authorities we conclude that prior to the 1953 amendment of the statute (Ill. Rev. Stat. 1951, ch. 68, par. 1) one spouse could bring an action in tort against the other during coverture (*Brandt v. Keller* (1952), 413 Ill. 503) and that the effect of the 1953 amendment was not to destroy the cause of action of the injured spouse, but to confer immunity on the tortfeasor spouse, which like a defense based upon the statute of limitations can be waived by the defendant spouse."

Thus, because the interspousal immunity statute did not destroy

the cause of action, but only provided a defense, defendant's wife in the case before us was an insured, thus making the uninsured motorist insurance coverage unavailable.

In *Elkins* and in *Farmers Insurance Group v. Nudi* (1982), 108 Ill. App. 3d 151, 438 N.E.2d 1260, also relied on by defendant, the policies involved each had a household exclusion provision, the effect of which was to make the spouse an uninsured motorist. Here, to the contrary, the policy provided coverage and a defense for defendant's wife even if "any of the allegations of the suit are groundless, false or fraudulent." The insurer's duty to defend is considered broader than its duty to pay. *McFadyen v. North River Insurance Co.* (1965), 62 Ill. App. 2d 164, 170, 209 N.E.2d 833.

Defendant's argument that the immunity statute precludes liability coverage overlooks the fact that coverage depends on whether the occurrence falls within the terms of the insuring agreement and not on the ultimate outcome of the suit (*Allstate Insurance Co. v. Gleason* (1964), 50 Ill. App. 2d 207, 214, 200 N.E.2d 383).

In *Williams v. Williams* (1982), 108 Ill. App. 3d 936, 439 N.E.2d 1055, the existence of insurance coverage was not an issue; it was assumed. No question as to uninsured motorist coverage was involved. The trial court dismissed because of the statutory interspousal immunity. The supreme court affirmed the dismissal, but vacated the appellate court judgment without comment as to its merits to the extent that it had decided whether the immunity conferred by the interspousal immunity statute was personal and may be waived and whether the insurance carrier can invoke the immunity in defense of an action for personal injuries. *Williams v. Williams* (1983), 98 Ill. 2d 128, 455 N.E.2d 1388.

That case has no application here.

Neither *Bonkowsky v. Bonkowsky* (1982), 69 Ohio St. 2d 152, 431 N.E.2d 998, nor *Hendrickson v. Cumpton* (Mo. App. 1982), 632 S.W.2d 512, nor *First National Insurance Co. of America v. Perala* (1982), 32 Wash. App. 527, 648 P.2d 472, is applicable. *Bonkowsky* did not involve uninsured motorist protection. The latter two were not concerned with interspousal immunity. In *Hendrickson*, the vehicle's owner had no applicable policy, but the permissive driver was covered by a liability policy. The court held that, because the Missouri statute is an "uninsured motor vehicle" statute, the personal liability insurance of the operator did not foreclose the availability of uninsured motorist coverage with respect to the claim against the owner for his negligent entrustment of his automobile to the operator. In *First National*, there was a policy in effect with respect to the automobile in-

volved; because the operator was only 16 years old and the policy excluded operators under 25 years, the alleged tortfeasor was uninsured.

The judgment of the circuit court of Cook County is reversed and judgment is entered here for plaintiff General Accident & Life Assurance Corp., Ltd.

Reversed and judgment entered for plaintiff.

RIZZI, P.J., and WHITE, J., concur.