SONJA F. PERKINS *et al.*, Minors, by Frances Roberts, their Mother and Next Friend, Plaintiffs-Appellees, v. STATE SECURITY INSURANCE COMPANY, Defendant-Appellant.

First District (4th Division)   No. 1—88—2876

Opinion filed December 7, 1989.

JIGANTI, P.J., specially concurring.

Brody, Gore, Fineberg & Wikoff, Ltd., of Chicago (Marcus J. Nunes, of counsel), for appellant.

Grubman & Nathan, P.C., of Chicago (Donald S. Nathan and David D. Willer, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

The minor plaintiffs, Sonja F. Perkins and Denisha Perkins, by their mother, Frances Roberts, brought an action against the moth-

er's insurance company, State Security Insurance Company, following an automobile collision in which they were injured. The mother was driving, with the children as passengers, when their car struck a parked car. Plaintiffs assert that the parent-child immunity doctrine bars them from directly suing their mother. Therefore, they contend that she is uninsured as to them and they are entitled to recover under the uninsured motorist provision of her policy.

Defendant, State Security Insurance Company, counters that in Illinois, intrafamily immunities are procedural bars, rather than substantive ones which destroy the cause of action itself. Procedural bars are personal and may be waived. Nothing in the policy prevents the children from suing her. Therefore, the insurance company contends that the children may sue their mother in negligence. Because she is thus an insured motorist, the pending action should be dismissed.

The trial court heard arguments and entered summary judgment for plaintiffs. Defendant filed its notice of appeal shortly thereafter.

OPINION

The order from which the parties appeal, dated August 22, 1988, enters summary judgment in favor of plaintiffs and against defendant. Although the lawsuit was not filed as a declaratory judgment action, the parties have stipulated that the only issue that was before the trial court was the existence of coverage under the insurance policy. The order, in effect (although not expressly), compels the parties to arbitrate the claim because the order implicitly holds that coverage is available under the uninsured motorists' provision of the policy.

The narrow issue before us is whether the uninsured motorist provision of the mother's policy is available to satisfy the claims her children have against her for their injuries. A corollary issue centers on the applicability of the parent-child immunity doctrine and whether that bar transforms the mother into an uninsured as to the children.

Initially we note that the children appear to be covered directly as "persons insured" for their reasonable medical expenses under "Part II—Expenses for Medical Services." Coverage for reasonable and necessary medical expenses is provided "to or for the named insured and each relative who sustains bodily injury ***, caused by accident, while occupying *** an automobile." We assume that the balance of plaintiffs' claim under the uninsured motorists' coverage is for pain and suffering and whatever other injury is compensable under law.

Plaintiffs base their claim on the uninsured motorist provision rather than under the general liability provision of the insurance policy. They reason that the parent-child immunity doctrine bars them

from suing the mother directly and therefore prevents them from stating a cause of action in negligence. Hence, the mother is actually "uninsured" as to them and they are entitled to assert their claim against her insurance company under the uninsured motorist coverage.

State Security, conversely, maintains that the uninsured motorist provision is unavailable because nothing in the policy precludes the children, as family members, from suing their mother in order to obtain the insurance proceeds under the general liability coverage. Accordingly, the mother *is* insured and the uninsured motorist section does not apply.

Part I, the general liability provision of the insurance policy, provides in relevant part that the insurance company shall "pay on the behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of *** bodily injury *** sustained by any person *** arising out of the ownership, maintenance, or use of the owned automobile *** and the company shall defend any suit alleging such bodily injury."

The uninsured motorist provision is part IV of the policy. "Part IV—Family Protection Coverage" provides that the company shall pay all legally recoverable sums to the "named insured and any relative" for "bodily injury caused by accident and arising out of the ownership, maintenance or use of [an] uninsured automobile."

We believe that the insurance policy does provide coverage for the injuries that the children suffered when their mother's automobile was involved in the collision. However, we agree with State Security Insurance Company that the theory plaintiffs advance is technically incorrect.

In *General Accident Fire & Life Assurance Corp. v. Klatt* (1984), 121 Ill. App. 3d 862, 460 N.E.2d 339, the court rejected a husband's claim under the uninsured motorist coverage of the policy on his automobile. His wife was driving at the time he was injured. The court noted that the interspousal immunity did not destroy a cause of action between the spouses but only provided a defense. Accordingly, the court held that the wife was an insured and that the uninsured motorist coverage did not apply as a matter of law.

Other cases which have considered the applicability of uninsured motorist provisions in the context of intrafamily claims interpret such coverage as extending to family members of the insured-driver when the insurance policy contains "household exclusions." Thus, in *Kerouac v. Kerouac* (1981), 99 Ill. App. 3d 254, 425 N.E.2d 543, the driver's minor brother was allowed to maintain a claim against the fa-

ther's insurance company pursuant to the uninsured motorist provision of the insurance policy. The court noted that the insured and his family members were excluded from the general liability coverage. After reviewing the legislative intent behind the passage of the uninsured motorist statute, the court stated, "As to this particular plaintiff, the minor [plaintiff], because of the exclusion with respect to liability for injury to family members, the automobile in which he was riding was not an insured automobile and the driver was not an insured motorist." 99 Ill. App. 3d at 259-60, 425 N.E.2d at 547, citing as controlling, *Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377.

In *Farmers Insurance Group v. Nudi* (1982), 108 Ill. App. 3d 151, 438 N.E.2d 1260, the court held that the injured wife of the driver of an insured automobile was entitled to make a claim under the uninsured motorist provision of their policy because of the household exclusion in the policy. The court did not analyze the exclusion except to note that it caused the husband to become uninsured as to the wife.

■ In the pending case, the policy of insurance contains no such exclusion for household members under the general liability coverage. Accordingly, logic and general principles of construction lead us to conclude that the mother is insured as to the children and that their claim against her may be maintained as a suit in negligence.

This conclusion does not end the analysis, however, because plaintiffs contend that they are absolutely barred from suing their mother because of the parent-child tort immunity. Their belief that the immunity is substantive and thus prevents a cause of action from arising is the reason they brought their claim under the uninsured motorist provision in the first place.

■ We disagree with plaintiffs' view of the law. In *Farmers Insurance Group v. Nudi* (1982), 108 Ill. App. 3d 151, 153, 438 N.E.2d 1260, 1261, the court held that the interspousal tort immunity was procedural in nature, a personal defense that "does not inure to the benefit of third parties." *Nudi* cited *Allstate Insurance Co. v. Elkins* (1979), 77 Ill. 2d 384, 396 N.E.2d 528, which held that the immunity is a defense that can be waived by a defendant spouse, not a substantive bar that would prevent the cause of action from accruing in the first place. *Allstate* also held that the third-party insurance company could not assert the immunity defense on behalf of its insured.

■ We believe that the parent-child immunity is sufficiently analogous to the interspousal immunity as to justify similar treatment. Accordingly, we hold that the minor plaintiffs are not substantively barred from maintaining an action against their mother. We further

note that since the immunity is a defense personal to her, she may waive it, and State Security may not freely assert it on her behalf as a means of defeating the claim. See *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 198-99, 355 N.E.2d 24, 31 (where a conflict of interest exists between insurer and insured, insurer has duty to decline to defend its insured, in favor of independent counsel).

Because we have held that the mother is not uninsured as to her children under this policy, we must reverse the trial court's grant of summary judgment. Nothing in this opinion or disposition should be read as defeating the rights of the plaintiffs to pursue relief under the appropriate legal theories; accordingly, the matter will be remanded to the trial court to give the parties a fair opportunity to amend pleadings or take whatever additional steps that may be necessary.

For the foregoing reasons, we reverse and remand.

Reversed and remanded.

JOHNSON, J., concurs.

PRESIDING JUSTICE JIGANTI, specially concurring:
The complaint filed by the plaintiffs seeks an order to compel arbitration. The plaintiffs' motion for summary judgment seeks a judgment compelling arbitration. The order entered by the trial court, as interpreted by the majority, compels the parties to arbitrate. The majority finds, and I agree, that under existing law, as explained by the majority, the mother is not an uninsured for uninsured motorist purposes. The proper order was to reverse the summary judgment in favor of the defendant. The opinion should end there.

However, the majority has suggested to the plaintiffs here that they file an action against a person not a party-defendant to this lawsuit. The majority then ruled that when that lawsuit is filed there will be coverage. Further, the court has ruled that the insurer may not raise a defense in behalf of their insured based on intrafamily immunity. I find this is a most imaginative effort at judicial economy. I respectfully decline to concur in that portion of the opinion.