JULIA KIM *et al.*, Plaintiffs-Appellants, v. JONG KIM *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—89—2166

Opinion filed April 18, 1990.

Topper & Weiss, Ltd., of Chicago, for appellants.

Brenda Register, of James J. DesVeaux, of Chicago, for appellees.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Plaintiffs, Julia Kim and Yuong Sik Kim, appeal from the dismissal of count I of their complaint that alleged the negligence of Julia's husband, defendant Jong Kim (defendant Kim). The trial court held that because interspousal tort immunity was a matter of substantive law, an amendment to the statute which eliminated interspousal immunity for nonintentional torts during coverture was not applicable retroactively so that count I was barred under the prior statute, which only permitted interspousal suits for intentional torts involving physical harm. Plaintiffs argue on appeal that the trial court erred in dismissing count I because interspousal tort immunity was a procedural law and that the amendment therefore applied to their claim

filed after the amendment's effective date for a tort committed prior to that date.

Count I of plaintiffs' complaint filed on January 6, 1988, alleged that on May 2, 1987, plaintiffs were passengers in a car driven by defendant Kim in a negligent and reckless manner. Plaintiffs sought compensation for personal injuries, lost earnings, and past and present medical bills. Count II alleged the negligence of defendant Carlos Bucio.

Pursuant to a request to admit, plaintiff Julia Kim admitted that on May 2, 1987, she was married to defendant Kim. Defendant Kim moved to dismiss the complaint on the basis that a wife was unable to sue her husband for a tort committed during the marriage. After defendant's motion was granted, plaintiff Julia Kim filed a motion for reconsideration which also requested that a Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) finding be made. The trial court did not vacate the dismissal, but it did make the Rule 304(a) finding. Plaintiffs appeal from the denial of the motion for reconsideration.

The issue presented is whether the amendment permitting spouses to sue each other for torts committed during the marriage should be applied retroactively when the statute previously only permitted interspousal suits for intentional torts involving physical harm.

■ The interspousal immunity statute prior to the amendment at issue here stated in part:

> "[P]rovided, that neither husband nor wife may sue the other for a tort to the person committed during coverture, except for an intentional tort where the spouse inflicted physical harm." (Ill. Rev. Stat., 1986 Supp., ch. 40, par. 1001.)

The statute as amended effective January 1, 1988, stated in part:

> "A married woman may, in all cases, sue and be sued without joining her husband with her, to the same extent as if she were unmarried. A husband or wife may sue the other for a tort committed during the marriage." Ill. Rev. Stat. 1987, ch. 40, par. 1001.

In *Brandt v. Keller* (1953), 413 Ill. 503, 109 N.E.2d 729, the court interpreted a predecessor statute as amended in 1874 which stated only that a married woman could in all cases sue and be sued without joining her husband with her to the same extent as if she were unmarried. Decisions under pre-1874 versions of the statute which did not contain the language "in all cases" had held that a married woman was only permitted to sue her husband where necessary to protect her own property. (*Brandt*, 413 Ill. at 512.) The court concluded that the 1874 amendment which added the phrase "in all

cases" was intended to expand the rights of a married woman to sue. (*Brandt*, 413 Ill. at 512.) If a married woman could assert contract rights against her husband, as was previously held, she should also be able to assert tort rights against him. *Brandt*, 413 Ill. at 513.

After *Brandt*, the statute was amended to read that "neither husband nor wife may sue the other for a tort to the person committed during coverture." (Ill. Rev. Stat. 1953, ch. 68, par. 1.) In *Heckendorn v. First National Bank* (1960), 19 Ill. 2d 190, 166 N.E.2d 601, this version of the statute was interpreted to prevent a widow's suit against her husband's estate for a tort committed during coverture. (*Heckendorn*, 19 Ill. 2d at 193.) The court held that if a cause of action could not exist against the husband, it could not survive his death. *Heckendorn*, 19 Ill. 2d at 193.

In *Allstate Insurance Co. v. Elkins* (1979), 77 Ill. 2d 384, 396 N.E.2d 528, the issue was whether the interspousal immunity statute barred a spouse from obtaining insurance benefits from her insured based on injuries received in a collision of the automobile being driven by her spouse. Recovery had been permitted in other jurisdictions if the insured showed conduct by the tortfeasor spouse which entitled the insured to recover damages even though a defense would defeat actual recovery. *Allstate*, 77 Ill. 2d at 388-89.

In this context, the court held that the effect of the 1953 amendment, which changed the result in *Brandt* that a spouse could bring an action in tort against the other spouse, was

> "not to destroy the cause of action of the injured spouse, but to confer immunity on the tortfeasor spouse, which like a defense based upon the statute of limitations can be waived by the defendant spouse." (*Allstate*, 77 Ill. 2d at 390.)

It was held that the defense of statutory immunity did not affect the insured's legal entitlement to recovery under the insurance policy. *Allstate*, 77 Ill. 2d at 390.

*Allstate* was relied upon by the second district in *Wirth v. City of Highland Park* (1981), 102 Ill. App. 3d 1074, 1077, 430 N.E.2d 236, in stating that the interspousal immunity was a procedural and not a substantive bar to actions between spouses. On the basis that the cause of action existed but just could not be enforced, interspousal immunity was held not to bar a tortfeasor's contribution from a spouse who was immune from direct suit by the injured spouse. (*Wirth*, 102 Ill. App. 3d at 1081-82.) The same reasoning was later used by the second district to hold that parent-child tort immunity did not prevent contribution from a parent of an injured minor plaintiff. *Larson v. Buschkamp* (1982), 105 Ill. App. 3d 965, 969, 935 N.E.2d 221; see also

*Perkins v. State Security Insurance Co.* (1989), 192 Ill. App. 3d 103, 106 (parent-child immunity is personal defense to mother so that minor plaintiffs were not substantively barred from suing mother).

In *Farmers Insurance Group v. Nudi* (1982), 108 Ill. App. 3d 151, 155-56, 438 N.E.2d 1260, an injured spouse was not barred from recovering benefits under her husband's insurance policy for injuries sustained while he was driving. The court stated that, because of *Allstate*, interspousal immunity was now construed as a procedural bar to actions between spouses. (*Farmers*, 108 Ill. App. 3d at 153.) It was held that a substantive bar prevented a cause of action from accruing so that a third party could invoke the immunity as a defense, whereas a procedural bar was personal to the spouse and did not inure to the benefit of third parties. *Farmers*, 108 Ill. App. 3d at 153.

In *Williams v. Williams* (1982), 108 Ill. App. 3d 936, 439 N.E.2d 1055, *Allstate* was distinguished, and the court held that interspousal immunity was not a personal defense but was a statutory disability which could be invoked by the spouse's insurer when defending the other spouse's suit for negligence. But in an affirmance which modified the appellate court's judgment, the Illinois Supreme Court vacated without comment that portion of the judgment which held that the insurer could invoke the defense. *Williams v. Williams* (1983), 98 Ill. 2d 128, 131, 455 N.E.2d 1388.

The amendment to the interspousal immunity statute that permitted suits for intentional torts was applied retroactively by the third district in *State Farm Mutual Automobile Insurance Co. v. Palmer* (1984), 123 Ill. App. 3d 674, 681, 463 N.E.2d 129, on the bases that *Allstate* established that interspousal immunity was a procedural defense and that there was no specific legislative intent to implement the statute only prospectively because it stated it would take effect upon becoming law (as opposed to an effective date later than the date of the governor's signature of approval). *State Farm*, 123 Ill. App. 3d at 680-81.

■■ ■ An amendment relating to substantive rights must be applied prospectively. (*Dworak v. Tempel* (1959), 17 Ill. 2d 181, 187, 161 N.E.2d 258.) In the absence of a savings clause, an amended statute may be applied retroactively "where the legislature so intended and where the statute affects the remedy or matters of procedure." (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390, 415 N.E.2d 1034, *cert. denied* (1981), 451 U.S. 921, 68 L. Ed. 2d 312, 101 S. Ct. 2000.) Changes in procedure or remedies will not be applied retroactively to deprive a vested, constitutionally protected right. (*Maiter*, 82 Ill. 2d at 390-91.) A vested right is more than a mere ex-

pectation based upon the anticipated continuance of the existing law; it must be a legal or an equitable title to the present or future enjoyment of property. *Rodriguez-Erdman v. Ravenswood Hospital Medical Center* (1987), 163 Ill. App. 3d 464, 471, 516 N.E.2d 731.

■■ The interspousal immunity statute at issue does not expressly state the legislature's intent as to retroactivity. The House bill containing the amendment was passed by the General Assembly on June 25, 1987, was approved on September 20, 1987, and pursuant to statute (Ill. Rev. Stat. 1987, ch. 1, par. 1201(a)), became effective on January 1, 1988, because the bill was passed prior to July 1 and did not provide for an effective date.

Plaintiff argues that the amendment to the statute permitting spouses to sue one another for torts committed during the marriage only affects a matter of procedure, and plaintiff cites the cases discussed above which relied upon *Allstate* to find that interspousal immunity was a procedural bar to a spouse's cause of action and was not a substantive law. *Allstate* involved the application of interspousal immunity to a spouse's recovery from her insurer and not from her spouse and did not address the issue of retroactivity. We therefore disagree with *Palmer* and *Wirth* which held that *Allstate* established that interspousal immunity was a procedural matter.

■■ ■ An amendment which imposes a new liability on defendant is substantive. (*Dworak v. Tempel* (1959), 17 Ill. 2d 181, 187, 161 N.E.2d 258 (amendment expanded the classification of persons entitled to bring dram shop actions so that defendants were subjected to new and greater liability).) The 1987 amendment conferred the new ability upon a spouse to file a cause of action for nonintentional torts and exposed spouses to liability for nonintentional torts for which their spouses could not have sued them prior to the amendment. The amendment is therefore not a matter of procedure or remedy but relates to substantive rights, so that the amendment cannot be applied retroactively. This result is consistent with the refusal to apply lengthened statutes of limitation retroactively to revive causes of actions which were previously barred. See, *e.g.*, *Arnold Engineering, Inc. v. Industrial Comm'n* (1978), 72 Ill. 2d 161, 167, 380 N.E.2d 782.

The judgment of the circuit court is affirmed.

Affirmed.

FREEMAN and WHITE, JJ., concur.