## CIRCUIT COURT OF ARLINGTON COUNTY

Robin Anne Lynn

v.

Tethys Coelho Mendes

August 10, 1976

Case No. (Law) 18621

By JUDGE CHARLES H. DUFF

The plea in bar raises the unique question of whether the Defendant's assertion of diplomatic immunity constitutes a denial of coverage by her carrier, thus enabling the Plaintiff to proceed against her own uninsured motorist carrier.

In a prior action the Defendant successfully asserted her claim of diplomatic immunity, resulting in a dismissal of the case. The present action, while naming the Defendant as a party, is for practical purposes exhibited against the Plaintiff's own insurance carrier seeking her uninsured motorist coverage as a source of recovery. Her carrier, Fireman's Fund Insurance Company, denies Defendant Mendes was or is uninsured and asserts that there has been no denial of coverage, either express or implied, by the Defendant's carrier. It contends that there simply is no liability on the party of Mendes because of diplomatic immunity. Absent liability, there can be no valid claim upon its coverage.

I take cognizance of the various cases where the Virginia Supreme Court has clearly stated the intent of the uninsured motorist law. Indeed, denial of coverage by a Defendant's carrier may be either express or implicit. Where that carrier is insolvent so that, in effect, there is no coverage, the Defendant becomes

uninsured. See *Grossman v. Glen Falls Insurance Company*, 211 Va. 195. In none of these cases, however, was there any bar to the liability of the Defendant tort feasor. There is in the case at bar.

Section 38.1-381 requires an endorsement obligating the carrier "to pay the insured all sums which he shall be *legally entitled to recover* as damages . . . ." By this statutory language a prerequisite of the right of an insured to recover uninsured benefits from his own carrier is the liability of the original Defendant to the insured. If the insured is not "legally entitled to recover" damages against the Defendant, then his own carrier is not legally required to respond under its uninsured coverage. In *Johnson v. General Motors Corporation*, 242 F. Supp. 778, the Court held *inter alia* that a Plaintiff must establish that John Doe is liable to him, and to what extent, as a prerequisite to asserting any claim against his insurer.

Assuming the validity of Defendant Mendes' plea of diplomatic immunity, (which is on appeal in the prior case), then the Plaintiff is not "legally entitled to recover" against Mendes. The latter has a legally recognized defense to liability. There has been no denial of coverage so as to convert Defendant into an uninsured motorist. There has been a denial of liability, which the Court has found to be valid.

Harsh though the practical effect of this holding may be, I feel that no other conclusion is permissible under the language of the uninsured motorist statute. Accordingly, the Plea in Bar is sustained.