DECISION AND JOURNAL ENTRY
{¶ 1} Appellants William and Sandra Cottrill appeal from the Wayne County Court of Common Pleas, which granted summary judgment to appellee Wayne Mutual Insurance Company. We affirm.
 I. {¶ 2} This case arose on summary judgment to the trial court. The parties stipulated to the facts. Mr. Cottrill was injured while in the parking lot of his place of employment when a fellow employee negligently struck him with his car. Mr. Cottrill submitted a claim to the negligent employee's insurer, Progressive, which denied payment based on the fellow servant doctrine. Mr. Cottrill then presented an uninsured motorist claim to his own insurer, Wayne Mutual, which denied payment by finding that Mr. Cottrill was not injured by an uninsured motorist, as defined by R.C. 3937.18(B)(1)-(5). Wayne Mutual explained that the negligent employee was insured and his insurer had denied liability not coverage.
 {¶ 3} The trial court agreed that the negligent employee was insured, that the fellow servant doctrine was a valid defense to liability, and that Wayne Mutual was entitled to summary judgment. Upon noting that Mr. Cottrill could pursue a workers' compensation claim, the trial court also denied the Cottrills' reciprocal summary judgment motion. The Cottrills appealed, asserting two assignments of error. We address them together to facilitate review.
 II. First Assignment of Error
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE WAYNE MUTUAL INSURANCE COMPANY BY FINDING THAT PROGRESSIVE INSURANCE COMPANY'S DENIAL OF LIABILITY WAS NOT A `DENIAL OF COVERAGE' UNDER OHIO UNINSURED MOTORIST STATUTE, AND THEREBY FINDING THAT APPELLANT HAD NO RIGHT TO UNINSURED MOTORIST COVERAGE UNDER HIS OWN AUTOMOBILE POLICY ISSUED TO HIM BY APPELLEE." [sic]
 Second Assignment of Error
"THE TRIAL COURT ERRED IN FAILING TO BROADLY CONSTRUE R.C. 3937.18(B) TO ALLOW APPELLANT TO RECOVER UNDER HIS OWN UNINSURED MOTORIST COVERAGE, WHERE THE DEFENSE OF CO-EMPLOYEE IMMUNITY IS PERSONAL TO THE TORTFEASOR, AND WHERE THERE IS NO PUBLIC POLICY SERVED BY ALLOWING AN INSURER WHICH HAS COLLECTED AN INSURANCE PREMIUM TO AVOID PAYING UNINSURED MOTORIST COVERAGE BENEFITS MERELY BECAUSE THE TORTFEASOR'S LIABILITY CARRIER WAS PROTECTED BY OHIO'S FELLOW SERVANT DOCTRINE." [sic]
 {¶ 4} The Cottrills allege that the trial court erred in granting summary judgment because: (1) the negligent employee was "uninsured," in that his insurer denied coverage, not merely liability; and (2) if the negligent employee does not have to pay the Cottrills, then Wayne Mutual should have to pay them because the Cottrills paid premiums and it is against public policy to let Wayne Mutual keep this money. We find both of these assertions to be incorrect.
 {¶ 5} Appellate courts review decisions on summary judgment de novo, viewing the facts as most favorable to the non-moving party and resolving doubt in favor of that party. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1, 2. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ. R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. The issues presented implicate only applications of law.
 {¶ 6} For clarity, we begin with an elementary portrayal of this case. Suppose the Cottrills had sued the negligent employee for their tort damages, rather than filing the insurance claim. We can reasonably suppose further that the negligent employee would then contact his insurer, who would assure him that it would reimburse him for any obligations he might incur from the lawsuit. Quite simply, this insurer is providing insurance coverage to the negligent employee: he is insured; he is not uninsured. However, under the agreed facts of the present case, R.C. 4123.741 would dictate that this negligent employee is not liable, as a matter of law. Therefore, the Cottrills would lose the lawsuit; they could not recover from the negligent employee and that negligent employee's insurer would not be obligated to pay any money. Critically, throughout this entire scenario, the negligent employee was insured, i.e., his insurer never denied him coverage. This places the circumstances and allegations into context for the present appeal.
 {¶ 7} The Cottrills contend that this negligent employee's immunity from tort liability pursuant to R.C. 4123.741 is just the same as if he was uninsured pursuant to R.C. 3937.18. Under their theory, the Cottrills urge this Court to adulterate the plain language of the statute by unilaterally adding R.C. 4123.741 immunity to the R.C. 3937.18 definition of uninsured motorist, and prompt us to rely on an unpublished common pleas court journal entry as authority for doing so. On review, it appears that the Cottrills misunderstood that journal entry, which is inapplicable to the issue before us. The statutory provision at issue states:
"For purposes of any uninsured motorist coverage included in a policy of insurance, an `uninsured motorist' is the owner or operator of a motor vehicle if * * *:
"* * *
"The owner or operator has immunity under Chapter 2744 of the Revised Code [i.e., Political Subdivision Tort Liability]." R.C. 3937.18(B)(5).
The statute contains no other provision upon which the Cottrills have or could contend that the negligent employee was an uninsured motorist. R.C. 3937.18(B).
 {¶ 8} The unpublished common pleas court decision dangled by the Cottrills is Snyder v. American Family Insurance, Co. (Mar. 31, 2004), Franklin C.P. No. 03CVC-09-9928, which addressed the application of R.C. Chapter 2744 Political Subdivision Tort Immunity to an uninsured motorist (UIM) claim. In granting summary judgment, the court stated the issue clearly:
"Therefore, [it is undisputed that] the City and the tortfeasor police officer fall within the purview of O.R.C. § 3937.18(B)(5), which defines an `uninsured motorist' as someone who has immunity under Chapter 2744 of the Ohio Revised Code.
"What the parties do contest and argue over is which version of O.R.C. § 3937.18 governs this case and whether the `self-insured' exception applies to the City to preclude recovery of UIM benefits."
Id. at 7.
 {¶ 9} The court explained the difference between the old and new version of R.C. 3937.18. Upon determining that the insured was injured by an UIM, the old version of R.C. 3937.18 (prior to Oct. 31, 2001) allowed the insurer to deny payment to the insured if the UIM was legally immune from suit; that is, the insurer essentially stood in the shoes of the UIM and asserted the UIM's defenses and immunities. The new version of R.C. 3937.18 (effective Oct. 31, 2001) denies the insurer the right to assert these defenses and immunities. The critical aspect, however, as it relates to the present case, is the predicate presumption that the negligent driver was in fact an UIM under R.C. 3937.18(B).
 {¶ 10} In Snyder, the common pleas court determined that the negligent police officer was otherwise protected by R.C. 2744 immunity and was therefore an UIM pursuant to R.C. 3937.18(B)(5). Id. at 12. "It isprecisely because the City and the tortfeasor police officer are immune under O.R.C. Chapter 2744 that the two fall within the purview of O.R.C. § 3937.18 and are defined as `uninsured motorists.'" (Emphasis added.) Id. at 12-13. Quite simply, the present case does not implicate any aspect of political subdivision tort liability and the negligent employee is not immune because of R.C. 2744. Thus, by the terms of the statute (and the Snyder case), the negligent employee in the present case does not fall within the purview of R.C. 3937.18. However, the Cottrills would have us re-write "immunity under Chapter 2744" in R.C. 3937.18(B)(5) to mean all types of immunity, including the R.C. 4123.741 fellow servant doctrine immunity.
 {¶ 11} The Cottrills rely on a particular portion of the Snyder
journal entry, which states:
"To then argue that an affirmative defense, such as [fellow servant immunity], would preclude the recovery of UIM benefits because the insured is not `legally entitled to recover' from the tortfeasor would be inconsistent and illogical. If that indeed was what the Assembly intended, then it would make no sense to even include entities immune under O.R.C. Chapter 2744 [Political Subdivision Tortfeasors] within the purview of O.R.C. § 3937.18 to begin with. There would be no reason todefine as [an] `uninsured motorist' one who by reason of his [political subdivision] immunity would then be excluded from the statute." (Emphasis in original.) Id. at 13. Following this same reasoning, if the General Assembly had intended UIM coverage to extend to R.C. 4123.741 fellow servant doctrine immunity, then it would make no sense to omit any reference to R.C. 4123 while specifically including R.C. 2744. As the plain language of statute does not include R.C. 4123 within its definition of UIM, we conclude that the General Assembly intended that it be excluded. Accordingly, the negligent employee in the present case was not an UIM under R.C. 3937.18, the issue does not fall within the purview of R.C. 3937.18, and Cottrills' argument over the applicable version of R.C. 3937.18 is irrelevant, making any reference to the Snyder journal entry correspondingly irrelevant. Whether any insurer may or may not assert defenses (such as R.C. 4123.741 fellow servant doctrine immunity) is immaterial to the present case and the Snyder opinion ultimately adds nothing to our analysis.
 {¶ 12} The Cottrills's second assignment of error is a gratuitous demand for money, which they label a "public policy" argument, stating in their brief:
"Whether a denial of liability or coverage, the result is the same, and the uninsured motorist carrier should not be able to take advantage of the fact that its insured was injured by a co-employee rather than another individual and thereby escape paying benefits. This results in an unjust enrichment to the carrier. The purpose of R.C. 4123.741 is to protect employers and employees, not uninsured motorist carriers."
Thus, by the Cottrills' view, R.C. 4123.741 converts a private insurance contract into a government compelled charity: Wayne Mutual has money so it should have to pay the Cottrills, who want money.
 {¶ 13} Of course, the Cottrills ignore the basic premise of contract law, which allows two independent parties to establish their own benefits and obligations. Wayne Mutual agreed to assume the risk of paying the Cottrills certain benefits upon the occurrence of certain circumstances, and in exchange received payment from the Cottrills in the form of premiums. Correspondingly, the Cottrills paid Wayne Mutual in order that they would be insured against injury by uninsured motorists, which did not include co-employees. Had the Cottrills desired to be insured against injury by co-employees, they could have paid additional premiums and would now be entitled to the agreed-upon benefits — whatever might have been agreed upon. They did not. The statute gives the Cottrills exactly what they bargained for. What the Cottrills seek, however, is a benefit they did not pay for, on the basis that they paid for other benefits — and that Wayne Mutual should not be allowed to keep the money it received for assuming the risk that it might have had to pay those other benefits. We find such an outcome to be unjustified. The Cottrills' assignments of error are overruled.
 III. {¶ 14} The Cottrills' assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
Exceptions.
Slaby, P.J. concurs
Carr, J. concurs in judgment only.