2022 IL App (1st) 210939

FIFTH DIVISION
Order filed: May 27, 2022

No. 1-21-0939

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| GREAT WEST CASUALTY COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 2020 CH 774 |
| JUAN BRAMBILA and PORT TO PORT, INC., | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Allen P. Walker, |
| (Juan Brambila, Defendant-Appellant). | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Presiding Justice Delort and Justice Cunningham concurred in the judgment and opinion.

**OPINION**

¶ 1    Juan Brambila appeals an order granting summary judgment in favor of Great West

Casualty Company ("Great West") in Great West's action for a declaratory judgment determining

the viability of Brambila's uninsured-motorist claim. The appeal presents an issue of first

impression concerning the availability of uninsured-motorist coverage when an insured would-be

tortfeasor denies liability. Because we agree with the circuit court that an insured motorist's denial of liability does not effectively transform him into an uninsured motorist, we affirm the judgment.

¶ 2     The following facts relevant to the disposition of this appeal are derived from the pleadings and exhibits of record.

¶ 3     In June 2016, Brambila allegedly suffered injuries when his vehicle was struck by a vehicle being driven by John Grygorcewicz, who died in the incident. Brambila sought compensation via two different avenues.

¶ 4     He first filed an uninsured/underinsured motorist (UM/UIM) claim with Great West, with whom he had two insurance policies through his employer, Port to Port, Inc. Great West denied Brambila's UM claim on the basis that Grygorcewicz was, at the time of the incident, insured by State Farm Insurance Company, precluding the availability of UM benefits. As for the UIM claim, Brambila asserted that he would still be entitled to UIM benefits because Grygorcewicz's coverage limits would be insufficient to compensate him for his injuries, making Grygorcewicz underinsured. Great West denied that claim as well, noting that Brambila's policy provides that his $100,000 UIM coverage limit is reduced by the amount of other available coverages and that, because Grygorcewicz's State Farm coverage exceeded $100,000, Brambila's UIM coverage would be reduced to zero.

¶ 5     In addition to his attempt to recover from Great West, Brambila also filed a common-law negligence action against Grygorcewicz's estate.[1]   During the course of that litigation, Grygorcewicz's estate asserted an "act of God" defense, claiming that Grygorcewicz was not liable for the accident. Brambila presented that development to Great West and argued that

---

[1] Brambila's action against Grygorcewicz's estate remained pending at the time that Great West moved for summary judgment in this case.

Grygorcewicz's estate's denial of liability through this act-of-God defense was akin to a denial of insurance coverage, rendering Grygorcewicz an uninsured motorist. Great West rejected that contention and filed the instant declaratory action seeking a declaration that Brambila is not entitled to UM benefits because Grygorcewicz was insured at the time of the accident and that Brambila is not entitled to UIM benefits because Grygorcewicz was not underinsured.

¶ 6    Great West eventually moved for summary judgment, arguing that Grygorcewicz did not meet the definition of "uninsured motorist" because he was in fact insured at the time of the accident. Great West further asserted that Grygorcewicz's estate's act-of-God defense merely denied liability and was not the same as his insurer denying coverage, which had not happened and would be required to make UM benefits available to Brambila. In response, Brambila argued that, when determining the availability of UM benefits, the issue is not whether Grygorcewicz was insured at the time of the accident, but rather whether that insurance is now available to compensate him for his injuries. Brambila contended that Grygorcewicz's estate's denial of liability left him in essentially the same position as someone injured by an uninsured motorist and that Illinois UM law is designed to provide protection to such individuals. Brambila conceded, however, that he is not entitled to UIM benefits in this case. The circuit court agreed with Great West and granted its motion for summary judgment. This appeal follows.

¶ 7    A motion for summary judgment may be granted where the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2020). We review an order granting summary judgment *de novo*. *Unique Insurance Co. v. Tate*, 2022 IL App (1st) 210491, ¶ 15.

¶ 8    "Likewise, interpreting an insurance policy or a statute presents questions of law, so our review is *de novo*." *Id.* (citing *Hoover v. Country Mutual Insurance Co.,* 2012 IL App (1st) 110939, ¶ 32).

> "An insurance policy 'is a contract and, as such, is subject to the same rules of interpretation that govern the interpretation of contracts. [Citation.] Accordingly, when construing the language of an insurance policy, the court's primary objective is to determine and effectuate the parties' intentions as expressed in their written agreement. [Citation.] If the terms in the policy are 'clear and unambiguous,' they must be given their plain and ordinary meaning. [Citation.]' " (Alterations in original.) *Id.* ¶ 16 (quoting *Erie Insurance Exchange v. Triana*, 398 Ill. App. 3d 365, 368 (2010)).

¶ 9    While Brambila may be correct that he is in a similar position to someone who has been injured by an uninsured motorist, in that he allegedly was a faultless victim and would otherwise be unable to obtain compensation if Grygorcewicz is found not liable, his insurance policies clearly and unambiguously foreclose the availability of UM coverage in this case.

¶ 10    Brambila's policies with Great West both provide that the insurer "will pay all sums [Brambila] is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.' " The policies define "uninsured motor vehicle" to be, in relevant part, a "land motor vehicle" "[f]or which no liability bond or policy at the time of an 'accident' provides at least the amounts required [by law]" or "[f]or which an insuring or bonding company denies coverage or is or becomes insolvent." For two reasons, Brambila's injuries in this case are not covered by these UM provisions.

¶ 11    First, it is undisputed that Grygorcewicz was insured at the time of the accident and that his insurer has not denied coverage or become insolvent. As a result, Grygorcewicz's vehicle

would not meet the definition of "uninsured motor vehicle" provided in the policies at issue, which means that the damages that Grygorcewicz caused Brambila would not be covered by the policies' UM provisions. Brambila argues that Grygorcewicz's estate's denial of liability should be viewed as essentially a denial of coverage. We disagree. The denial of liability is not a denial of coverage; the two concepts are plainly distinct. See *Estate of Anderson v. Safeco Insurance Co. of Illinois*, 567 F.3d 404, 407 (8th Cir. 2009) ("[I]t would be unreasonable in the context of uninsured motorist insurance to define 'coverage' to include a denial by the liability insurer of the insured's fault in the accident. To allow for such a definition would conflate 'coverage' with 'liability' when the two are not synonymous." (quotation marks omitted)); *Cottrill v. Wayne Mutual Insurance Co.*, 2005-Ohio-4937, ¶ 4 (rejecting the assertion that a denial of liability was in effect a denial of coverage that rendered the would-be tortfeasor uninsured); *Lynn v. Mendes*, 3 Va. Cir. 473 (1976) (holding that a would-be tortfeasor's denial of liability did not have the same effect as a denial of coverage and that, in the absence of a denial of coverage by the insurer, a denial of liability by the would-be tortfeasor was insufficient to make UM benefits available). Because Grygorcewicz was insured at the time of the accident and his insurer has not denied coverage, Grygorcewicz's estate's denial of liability on its own is insufficient to render Grygorcewicz an uninsured motorist.

¶ 12    Second, the policies provided only that Great West will pay sums that Brambila "is legally entitled to recover as compensatory damages" from an uninsured motorist. This is the same language as used in Illinois' UM statute. See 215 ILCS 5/143a(1) (West 2016) (requiring that insurance policies provide coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles"). Our supreme court has explained that "the proper interpretation of the words 'legally entitled to recover' means that the claimant must be able to prove the elements of her claim necessary to

entitle her to recover damages." *Allstate Insurance Co. v. Elkins*, 77 Ill. 2d 384, 390 (1979); see also *Murphy v. U.S. Fidelity & Guarantee Co.*, 120 Ill. App. 3d 282, 286 (5th Dist. 1983) (concluding that "legally entitled to recover" means that "the insured must be able to establish fault on the part of the uninsured motorist that gives rise to damages and prove the extent of those damages").

¶ 13   In order to prove his negligence claim against Grygorcewicz, Brambila would have to prove that Grygorcewicz's breach of a duty of care owed to him was the proximate cause of his injuries. See *Bermudez v. Martinez Trucking*, 343 Ill. App. 3d 25, 29 (1st Dist. 2003) ("Proximate cause is an essential element of a negligence claim."). However, an act-of-God defense alleging that the victim's injuries were caused by an unforeseeable event that is beyond the power of human intervention to prevent negates this causation element and absolves the alleged tortfeasor of liability. *Evans v. Brown*, 399 Ill. App. 3d 238, 246 (4th Dist. 2010). Therefore, in the event that Grygorcewicz's estate establishes that the accident was caused by an "act of God" outside of Grygorcewicz's control and is found not liable for Brambila's injuries, Brambila would have failed to prove his negligence claim and would not be "legally entitled to recover any damages" from Grygorcewicz's estate. And if Brambila is not legally entitled to recover any damages from Grygorcewicz's estate, Great West would not be obligated to provide UM benefits to Brambila for the accident at issue. See *Smith v. Great American Insurance Co.*, 325 So. 3d 495, 500 (La. Ct. App. 2021) ("[W]here there is no liability of the alleged tortfeasor, a UM insurer has no obligation to its insured.").

¶ 14   Brambila does not necessarily attempt to refute the accuracy of these conclusions. Instead, as noted earlier, he argues that Grygorcewicz's estate's denial of liability should be treated as a denial of coverage because it has the effect of rendering Grygorcewicz's insurance unavailable to

him, and he further argues that, as a result, and in light of the general Illinois policy of favoring a broad availability of UM coverage (see *Barnes v. Powell*, 49 Ill. 2d 449, 454 (1971)), he should be treated the same as someone who has been injured by an uninsured motorist. For support, Brambila relies on a group of cases awarding UM benefits to faultless injured motorists who had no other avenue for recovery. See, *e.g.*, *Barnes v. Powell*, 49 Ill. 2d 449, 454 (1971) (holding that UM coverage was available to an insured when she suffered injuries while riding in a vehicle driven by an uninsured driver); *Comet Casualty Co. v. Jackson*, 125 Ill. App. 3d 921, 921 (1st Dist. 1984) (holding that UM coverage applied to injuries that an insured sustained when attempting to prevent the theft of his vehicle by an unknown thief); *Samack v. Travelers Insurance Co.*, 111 Ill. App. 3d 61, 66 (1st Dist. 1982) (holding that UM coverage applied when Florida law prevented an Illinois insured from collecting from an otherwise-insured tortfeasor); *Dyer v. American Family Insurance Co.*, 159 Ill. App. 3d 766, 773–74 (2d Dist. 1987) (holding that injuries caused by the intentional conduct of an uninsured motorist could be considered accidental when viewed from the perspective of the insured victim); *Kerouac v. Kerouac*, 99 Ill. App. 3d 254, 260 (3d Dist. 1981) (holding that UM coverage applied when an insured was injured while riding in a car driven by a relative and the general liability provision of the insured's insurance policy expressly excluded coverage for injuries to family members, making the driver uninsured).

¶ 15    However, in each of these cases, the plaintiff was legally entitled to recover damages and the driver was either unknown, actually uninsured, or uninsured by operation of law or contract. None of those situations exists here. If Brambila's accident with Grygorcewicz is found to have been caused by an act of God and Grygorcewicz's estate is found not liable, Brambila would not be legally entitled to recover. In this case, Grygorcewicz was in fact insured, and no provision of law or contract stands to make him uninsured. Rather, the only impediment to Brambila recovering

from Grygorcewicz's estate would be the lack of liability, and liability is a requirement for the availability of UM coverage. See *Elkins*, 77 Ill. 2d at 390; *Murphy*, 120 Ill. App. 3d at 286; *Smith*, 325 So. 3d at 500. Therefore, we find Brambila's argument unpersuasive.

¶ 16    Accordingly, because Grygorcewicz's estate's denial of liability does not have the effect of rendering Grygorcewicz an uninsured motorist for the purposes of UM coverage, we affirm the circuit court's order granting Great West's motion for summary judgment.

¶ 17    Affirmed.

| | |
|---|---|
| **No. 1-21-0939** | |

| | |
|---|---|
| **Cite As:** | Great West Casualty, Plaintiff-Appellee v. Juan Brambila, Defendant-Appellant. |

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20 CH 0774 Honorable Allen P. Walker, Judge, presiding. |

| | |
|---|---|
| Appellant Attorneys: | Michael Silverman<br>Horwitz, Horwitz & Associates Ltd.<br>25 E Washington, Suite 900 Chicago, IL 60602<br>Telephone: 312-372-8822 |
| | |
| Appellees Attorneys: | JASON ORLEANS<br>BRADLEY A. BERTKAU<br>ORLEANS CANTY NOVY LLC<br>65 East Wacker Place, Suite 1220 Chicago, Illinois 60601<br>Telephone: 847-625-8200 |